THOMPSON v. TRADERS' INSURANCE COMPANY OF CHICAGO, Appellant.

Division One, May 21, 1902.

1. **Insurance**: DESTROYED POLICY: PROOF OF LOSS: WAIVER.   The particular character of proof required by the policy was not made, but the policy was burnt in the fire which destroyed the goods, and when the assured requested a copy it was not furnished, but he verbally notified defendant's agent, who had issued the policy and collected the premiums and had authority to do so, of the loss, and he did not require any proof of loss in conformity to the terms of the policy, but on the contrary simply directed the insured to make out a list of the goods destroyed, and when he did so, the agent examined it, and returned it to the insured and when he offered to furnish the company with a copy of the list, the agent stated that was not necessary.   *Held*, that these circumstances and this conduct of the company clearly amount to a waiver of the requirements of the policy to furnish any other proof of loss than that made, and estop it from setting up any such defense.

2. ————: LIMITATION OF POWER OF AGENT: WAIVER: OTHER POLICIES: AGENT'S POWER.   Although an insurance policy contained a provision that no agent should have authority to waive, alter or modify any of the terms of the policy, or to waive any forfeiture or to revive any policy that had become forfeited, "any contract by parol or otherwise or understanding with the agent notwithstanding," and although it further provided that if the assured procured other insurance without the consent of the company written on the policy, the entire policy should become absolutely void, yet this specific limitation on the power of the agent may be waived, by subsequent power, written or parol, conferred on the agent, or a waiver may be necessarily implied from the conduct of the company, or of the agent with its knowledge, and from their course of business with the assured.   And where the local agent of the company was its *alter ego* in the town where the property was, and knew of the additional insurance before the loss, but did not object, but allowed the assured

to rely upon the validity of the policy, and made no objection until after the loss, it will be held that his knowledge was the knowledge of the company, and that it waived any right it had to have the policy forfeited.

3. ———: POLICY ISSUED IN ANOTHER STATE. Where the property was located in another State and the contract of insurance entered into there, and the assured was a resident there, and the company, though chartered by the laws of still another State, was nevertheless *pro hac vice*, a resident of that same State, the laws of that State must govern in the determination of the assured's rights under the policy, and the Constitution and laws of this State have nothing to do therewith.

4. ———: ———: INAPPLICABILITY OF LOCAL STATUTE: PENALTY FOR VEXATIOUS DELAY. In such case, where the parties and contract belong to another State and the cause of action accrued there, the Missouri statute assessing a penalty of ten per cent for vexatious delay in paying an insurance policy, is wholly inapplicable in a suit on the policy in this State. The statute does not relate to the remedy; it is a matter connected with the performance of the contract, and, hence, it is applicable only to contracts that are to be performed in Missouri. Hence, if the statute of the State where the contract is to be performed does not impose such penalty, it can not be recovered.

5. ———: ———: APPLICABILITY OF STATUTES: GENERAL RULE. Matters bearing on the execution, the interpretation and the validity of a contract, are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitations, depend upon the law of the place where the suit is brought.

6. ———: ———: ———: ATTORNEY'S FEES: DAMAGES FOR VEXATIOUS DELAY: RETROACTIVE STATUTE. Where the loss by fire occurred and the cause of action accrued before the statute of 1899 (sec. 8012, R. S. 1899) went into effect, "a reasonable attorney's fee" can not be taxed against an insurance company for vexatious delay in paying the policy.

Appeal from Jackson Circuit Court.—*Hon. Edw. P. Gates,*
Judge.

MODIFIED AND AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) Evidence of statements made to or by defendant's agent concerning other insurance before the policy was issued was clearly inadmissible, and evidence of statements after the policy was issued of an intention to procure other insurance, when able, was also clearly inadmissible. A written contract can not be so varied. Drake v. Dodsworth, 4 Kan. 159; Connell v. Railroad, 25 Kan. 613; Brenner v. Luth, 28 Kan. 581; Hopkins v. Railroad, 29 Kan. 544; Windmill Co. v. Piercy, 41 Kan. 763; Willard v. Ostrander, 46 Kan. 591; Lock Co. v. Huston, 55 Kan. 104; Commercial Assur. Co. v. Norwood, 57 Kan. 610; 47 Pac. 529. Knowledge of inten- tion to procure other insurance in the future is no waiver. Eagle F. Co. v. Globe L. and T. Co., 44 Neb. 380; Ins. Co. v. Wood, 50 Neb. 381; Gray v. Ins. Co., 155 N. Y. 180; Ins. Co. v. Mowry, 96 U. S. 544; Weidish v. Ins. Co., 24 Pac. 242. (2) Defendant's demurrer at the close of plain- tiff's evidence should have been sustained because there is no evidence in the cause showing, or tending to show, that proofs of loss were made as required by the policy, and the making of proofs of loss is a condition precedent to plaintiff's right to recover. Norman v. Ins. Co., 21 Mo. 81; Sims v. Ins. Co., 47 Mo. 54; Leigh v. Ins. Co,. 37 Mo. App. 542; Ins. Co. v. Hathaway, 23 Pac. 428; Ins. Co. v. Tharp, 28 Pac. 991. (3) It stands admitted that plaintiff had procured other in- surance, and there is no substantial evidence that such vio- lation of the policy had been waived. The policy then ceased to exist. Rothchild v. Ins. Co., 62 Mo. 256; Carpenter v. Ins. Co., 16 Pet. (U. S.) 495; Sun Fire Office v. Clark, 33 Ohio St. 414; March v. Ins. Co., 28 Ins. L. J. 30; Brown v. Ins. Ass'n, 28 Ins. L. J. 321; Williamson v. Ins. Co., 105 Fed. 31; Aloe v. Mutual Reserve, 147 Mo. 501; Hutcheson v. Ins. Co., 21 Mo. 97; Dietz v. Ins. Co., 38 Mo. 85. (4) Evidence introduced by plaintiff as to the value

of attorney's fees was improperly admitted for the reason that under the law no attorney's fees are recoverable. The statute imposing a penalty upon a certain class of litigants, not imposed upon other classes, and which deprives them of the equal protection of the law, is unconstitutional and void. Paddock v. Railroad, 155 Mo. 524; Railroad v. Ellis, 165 U. S. 150. (5) Mere notice to defendant's agent that other insurance had been procured, and no objection on their part, does not constitute a waiver or estoppel. Ins. Co. v. Johnson, supra. The authority of the agent was expressly limited by the contract; notice of such limitation was brought home to plaintiff by the plain terms of the policy, which he presumably read. No sound reason can be urged why he is not bound by such limitation. Fletcher v. Ins. Co., 117 U. S. 519; Mitchell v. Ins. Co., 51 Pac. 402; Lowell v. Ins. Co., 8 Cush. 127; Reynolds v. Ins. Co., 36 Mich. 381; Messeneau v. Ins. Co., 66 N. Y. 274; Marvin v. Ins. Co., 85 N. Y. 278; Bank v. Ins. Co., 62 Tex. 461; Catoir v. Ins. Co., N. J. 487; Cleaver v. Ins. Co., 65 Mich. 527; Ins. Co. v. Wolf, 95 U. S. 326; Maier v. Fidelity, 78 Fed. 566; Hamilton v. Fidelity Mut. Association, 27 N. Y. App. Div. 480; Kyte v. Ins. Co., 144 Mass. 43; Carey v. Ins. Co., 54 N. W. 1; Wilkins v Ins. Co., 45 N. W. 18; Quinlan v. Ins. Co., 33 N. Y. 356; Armstrong v. Ins. Co., 130 N. Y. 560; Baumgartel v. Ins. Co., 136 N. Y. 547; Ins. Co. v. Gibbons, 22 Pac. 1016; Cleaver v. Ins. Co., 32 N. W. 660; Kellerman v. Railroad, 136 Mo. 177; O'Bryan v. Kinney, 74 Mo. 125; Smith v. Express Co., 63 Mo. 376; McFadden v. Railroad, 92 Mo. 343. (6) When plaintiff took additional insurance in November, 1898, without notice to defendant, the policy became void. It is not pretended that defendant had any knowledge of such fact prior to May 4, 1889, so that said policy had been void under the undisputed evidence from November until May. What gave it new life? It remained void. Ins. Co. v. Johnson, supra; Ins. Co. v. Gunther, 116

U. S. 113; Ins. Co. v. Coas Co., 151 U. S. 452; Fabyan v. Ins. Co., 33 N. H. 203; Moore v. Ins. Co., 62 N. H. 240; Mack v. Ins. Co., 106 N. Y. 560; Kyte v. Ins. Co., 149 Mass. 116.

*F. F. Rozzelle, Frank P. Walsh* and *John G. Park* for respondent.

(1) It is undisputed that Thompson told Newhall, defendant's general agent, when he contracted for this insurance, that he wanted and intended to take more than $1,000 insurance, but was not able to take it then, and Newhall said his property was worth more than $1,000 and the amount of this policy was insufficient. Newhall had authority to waive or strike from the policy both the provision against additional insurance and the provision requiring an indorsement in writing, and, having done so, defendant can not now claim a forfeiture. He was "the *alter ego* of the company, and what he did was the same as if the company was present acting for itself." James v. Life Ass'n, 148 Mo. 11; Parsons v. Ins. Co., 132 Mo. 583; Wolf v. Ins. Co., 86 Mo. App. 580. (2) Maxwell was defendant's agent and his knowledge was defendant's knowledge. R. S. 1899, sec. 8000; State ex inf. v. Ins. Co., 152 Mo. 38; James v. Mut. Fund Ass'n, 148 Mo. 1; Nickell v. Ins. Co., 144 Mo. 1; Lingenfelter v. Ins. Co., 19 Mo. App. 265; Wolf v. Ins. Co., 86 Mo. App. 580; Turner v. Ins. Co., 86 Mo. App. 387. "When the general agent of defendant acquired knowledge of the events upon which the policy was forfeitable, good faith and fair dealing rendered it his duty, if he intended to insist upon a forfeiture, to cancel the policy and return the unearned premiums, to the end that plaintiff should receive his due on the abrogation of the contract and have an opportunity to obtain other insurance. His failure to take such action and his retention of the full consideration of the contract naturally led the assured to believe

that it was deemed a continuing obligation on the part of defendant." Trust Co. v. Ins. Co., 79 Mo. App. 366. This is, and always has been, the rule in Kansas. Ins. Co. v. Davis, 59 Kan. 526; Ins. Co. v. Munger, 49 Kan. 194; Ins. Co. v. Gray, 43 Kan. 497; Ins. Co. v. Bank, 50 Kan. 449; Ins. Co. v. McLanthan, 11 Kan. 553. Neither Maxwell nor defendant made any objection to this insurance and defendant has kept the entire premium to this day. These facts create an estoppel precluding the assertion of a forfeiture because of the additional insurance. Nickell v. Ins. Co. 144 Mo. 420; Laundry Co. v. Ins. Co., 151 Mo. 90; James v. Life Ass'n, 148 Mo. 1; Hamilton v. Ins. Co., 94 Mo. 353; Cromwell v. Ins. Co., 47 Mo. App. 109; May on Ins. (4 Ed.), sec. 370; Pelkington v. Ins. Co., 55 Mo. 171. (3) The conduct of defendant, its officers and agents, in dealing with plaintiff after the loss, was in the highest degree vexatious. The demands made on defendant by plaintiff's attorneys were competent to show plaintiff's desire to settle without litigation, and defendant's determination to ignore the acts of its agents, which plainly render it liable. The question of whether or not defendant had vexatiously refused to pay the loss was for the jury. Lockwood v. Ins. Co., 47 Mo. 50; Brown v. Assur. Co., 45 Mo. 221. (4) The measure of damages in the case is regulated by the law of the forum and is provided by the Laws of 1899, p. 254. R. S. 1899, sec. 8012. Carson v. Smith, 133 Mo. 616; P. P. Am. Co. v. Carriage Co., 64 Ark. 29, 40 S. W. 583; 2 Kent's Com. (13 Ed.), 462; Jones v. Jones, 18 Ala. 248. (5) Defendant is a foreign corporation doing an insurance business in this State. It does business here not by right, but by grace, and must conform to the requirements of our laws. As a condition to that right, it must pay ten per cent as damages and a reasonable attorney's fee when it vexatiously refuses to pay a loss. The State has the right to fix this condition, and the following decisions have

Thompson v. Traders' Ins. Co.

declared statutes imposing similar burdens on insurance companies constitutional: Life Ass'n v. Yoakum, 98 Fed. 251; Ass'n Co. v. Bradford, 60 Kan. 82; Ins. Co. v. Bayha (Kan. App.), 55 Pac. 474; Ins. Co. v. Bush, 60 Neb. 313; Ins. Co. v. Cornell, 110 Fed. 816.    (a) The case of Paddock v. Railroad, 155 Mo. 524, cited by counsel, is based on Railroad v. Ellis, 165 U. S. 150.   The Supreme Court of the United States, while not distinctly overruling the Ellis case, has arrived at a different result, in later cases in construing statutes similar to that involved here.   It has declared constitutional: a State statute imposing attorney's fees in actions against railroads for destroying property by fire (Railroad v. Mathews, 174 U. S. 104) ; a State statute imposing double damages on railroads for failure to promptly pay laborers (Railroad v. Paul, 173 U. S. 404); our statute authorizing recovery of double damages for failure to fence railroads (Railroad v. Humes, 115 U. S. 512) ; a statute fixing employer's liability (Tullis v. Railroad, 175 U. S. 351) ; a state statute excluding foreign corporations (Oil Co. v. Texas, 177 U. S. 43) ; Am. Sugar Ref. Co. v. Louisiana, 179 U. S. 95; W. W. Cargill Co. v. Minnesota, 180 U. S. 467.   (b) Other courts have held constitutional: an act imposing double damages on corporations when not paying laborers promptly (Skinner v. Mining Co., 96 Fed. 744); an act requiring railroad companies condemning rights of way to pay attorney's fees (Gano v. Railroad, 87 N. W. 714) ; an act providing that a breach of condition in a policy shall not avoid it unless the company has been injured (McGannon v. Ins. Co., 87 N. W. 61).   (6) (a) The petition averred generally a performance of the conditions imposed by the policy.   A specific allegation of giving of notice and proofs of loss is unnecessary.   R. S. 1899, sec. 634; Richardson v. Ins. Co., 57 Mo. 413; Okey v. Ins. Co., 29 Mo. App. 105.   (b) Defendant can not at the same time say that the policy became void by reason of the placing of the other insurance and require proofs of loss.   Having in

the answer claimed a forfeiture on the ground of additional insurance without permission, it waived defenses arising from the want of formal proofs of loss.    May on Ins. (4 Ed.), sec. 469; Russell v. Ins. Co., 55 Mo. 593; LaForce v. Ins. Co., 43 Mo. App. 528; Phillips v. Ins. Co., 14 Mo. 235; Weber v. Ins. Co., 35 Mo. App. 525; Rippstein v. Ins. Co., 57 Mo. 86; McComas v. Ins. Co., 56 Mo. 576.

MARSHALL, J.—Action on a fire insurance policy for one thousand dollars.

The petition alleges that the defendant is an Illinois insurance company, doing business in Missouri and Kansas, and that on September 3, 1897, the defendant insured his furniture and household goods located in Kansas City, Wyandotte county, Kansas, against loss by fire, for three years.    The policy was for $1,000.    It is further alleged that the property was destroyed by fire on May 13, 1899, as was also the policy at the same time; that the property was worth $4,419.75; that plaintiff has asked defendant to furnish him a copy of the policy and the defendant has refused to do so; that immediately after the fire he gave notice of his loss to the defendant, and did all things he was required to do by the terms of the policy; that chapter 142, section 4, of the Session Laws of Kansas 1897, relating to fire insurance companies, provides that in rendering judgments against any insurance company the court shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered as a part of the cost; that the plaintiff demanded payment on April 20, 1899 (this is evidently a mistake; the fire did not occur until May 13, 1899: the facts disclosed that the date of demand was on August 20, 1899), and has frequently done so since, but that the defendant has vexatiously refused to pay, and that the plaintiff has been damaged to the extent of ten per cent of the policy by reason of such vexatious delay.    The prayer is for the face of the policy, one thousand dollars, with six per cent interest from

April 20, 1899, together with ten per cent damages for vexatious delay and "a reasonable attorney's fee of three hundred dollars."

The answer admits the issuance of the policy, and then pleads specially that the policy provided that if the assured procured other insurance without the consent of the company written on the policy, the entire policy should become absolutely void, and that the assured did procure further policies, for one thousand dollars each, in the Eagle Insurance Company and the Rochester-German Insurance Company, without the consent of the defendant written on its policy, whereby defendant's policy became void. The answer further avers that the statute of Kansas pleaded by the plaintiff, authorizing the recovery of an attorney's fee, has no application to this case and applies only to actions on policies on improvements on real estate, and further pleads that such Kansas statute is unconstitutional and void. The answer concludes with a general denial of all matters alleged in the petition which are not expressly admitted by the answer.

The reply admits the additional insurance and the provision of the policy pleaded by the defendant, but avers that he notified the defendant, through its general agent, who "had, at said time, authority to collect premiums, write policies, issue additional insurance permits and represent the company generally," of the procurement of such additional insurance, and that the defendant never objected thereto, but on the contrary with such knowledge the said agent thereafter issued to plaintiff an additional policy insuring the plaintiff against loss by cyclone (but it is not alleged or shown whether this policy was issued by this or some other company), and that the defendant thereby waived the provisions of the policy against additional insurance and is estopped from defending on that ground. The reply further denies that the Kansas statute relating to an attorney's fee is unconstitutional.

The trial developed the facts to be substantially as stated

in the pleadings, except that there was no evidence of the existence of the Kansas statute pleaded, and it is now conceded by plaintiff that the Kansas statute is inapplicable to this case, and it is stated in the briefs of counsel that that allegation of the petition was withdrawn.

Under instructions, which permitted it to do so, the jury returned a verdict for the plaintiff for the face of the policy, one thousand dollars; and further found that since August 20, 1899, the defendant has vexatiously refused to pay, and so the jury assessed the plaintiff's damages therefor at one hundred dollars; and further, for such vexatious delay, assessed as damages an attorney's fee of one hundred and fifty dollars.

The defendant duly filed a motion for a new trial, in which it complained, *inter alia,* that the court had erred in giving instructions authorizing the recovery of damages for vexatious delay, and also in authorizing a recovery of attorney's fee, "for the reason that such recovery is against the law applicable to the case, and for the further reason that the law under which said recovery is permitted is contrary to the provision of the Fourteenth Amendment of the Constitution of the United States, and contrary to the Constitution of the State of Missouri, section 53 of article 4." This motion was overruled and after proper steps the defendant appealed to this court.

I.

It is contended that no proper proofs of loss were made, and hence, the demurrer to the evidence should have been sustained.

It appeared that immediately after the fire the plaintiff verbally notified the general agent of the company, who had issued the policy, collected the premiums, and who had power so to do, and also to represent the company generally as its

agent, and he directed the plaintiff to make out a list of the property destroyed, which the plaintiff did, and when he took it to such agent, he examined it and handed it back to the plaintiff, who thereupon told him he would take the list to the agents of the other companies that held the additional insurance and would furnish the agent of this company a copy of the list, if necessary, and the agent said it was not necessary.

The policy itself was destroyed in the fire that burned up the property insured, so that its exact terms are not known. The defendant introduced a policy which the petition charged was a copy of the policy destroyed, and as no objections were made to it by the plaintiff, it must be assumed that it is a correct copy. By this policy a particular character of a proof of loss is provided for, which the plaintiff did not comply with. But while this is true, it does not necessarily follow that the demurrer to the evidence should have been sustained. The defendant, when verbally notified of the loss, did not require or demand a proof of loss in conformity to the terms of the policy, but on the contrary simply directed the plaintiff to make out a list of the goods destroyed, and when the plaintiff did so, the agent examined it, returned it to the plaintiff, and when he offered to furnish the defendant a copy of the list, the agent said it was not necessary. No suggestion was then made that the destroyed policy required any other kind of a proof of loss than the list the defendant told the plaintiff to make. The plaintiff demanded a copy of the destroyed policy, and the defendant refused to give it to him. No one else could furnish it. These circumstances and this conduct of the defendant, clearly amount to a waiver of the requirements of the policy to furnish any other kind of proof of loss, and estop the defendant from setting up any such defense. [Nickell v. Ins. Co., 144 Mo. l. c. 424.]

## II.

The chief defense interposed and relied on by the defendant in the circuit court, was, that the policy had become void because the plaintiff had procured other insurance, without the consent of the defendant written on the policy. The plaintiff pleaded that the defendant knew of the additional insurance before the fire, raised no objection thereto, said it was not necessary for it to see such other policies when they were exhibited to it, and thereafter the general agent of the defendant issued to the plaintiff a cyclone policy, but it does not appear whether this policy was issued by this or some other company.

The copy of the policy read in evidence by the defendant contains a provision that no agent, except the secretary of the company in Chicago, shall have any authority to waive, alter or modify any of the terms of the policy, nor to waive any forfeiture of the policy nor to revive any policy that has become forfeited, "any contract by parol or otherwise or understanding with the agent notwithstanding."

The defendant also offered in evidence the decision of the Supreme Court of Kansas in the case of Assurance Co. v. Norwood, 47 Pac. Rep. 529, and the decision of the Court of Appeals of Kansas in the case of Ins. Co. v. Johnson, 45 Pac. Rep. 722.

The defendant concedes that the rule has long obtained in this State that notwithstanding such express limitations of power in the agent by the terms of the policy, the insurance company, just like any individual who has so stipulated in the power appointing an agent, may, afterwards, by another writing, or by parol, modify or enlarge the power of the agent, or by its conduct and course of business with the assured be estopped to deny that the agent had the power to waive forfeitures, proofs of loss and the like, notwithstanding the limitations of power contained in the policy or power in his

appointment.    [Nickell v. Ins. Co., 144 Mo. 420; Laundry Co. v. Ins. Co., 151 Mo. 90.]

But the defendant relies upon the case of Northern Assurance Co. v. Grand View Building Association, decided by the Supreme Court of the United States, on January 6, 1902, and reported in 22 Sup. Ct. Rep. 133, and upon a number of like cases in other jurisdictions, and upon the authority of those decisions contends that the Missouri rule is wrong, because every principal—insurance company as well as individual—has a right to limit the power and authority of his agent, and is not bound by any act of the agent in excess of his power.

With every possible respect for the courts whose decisions are cited, and, also, for the learning of the able counsel for the defendant in this case, it is only necessary to say that the Missouri rule does not impair the power of a principal to limit the authority of his agent, nor does it bind the principal for the acts of the agent done in excess of the power conferred on the agent. On the contrary, it holds the principal liable just as far, and no further, as he has made himself responsible.    It measures the responsibility of the principal for the acts of the agent, not alone by the terms of the original power conferred on the agent, but also by the subsequent power, written or parol, expressly conferred, or such as is necessarily implied from the conduct of the principal, and of his agent with his knowledge, and from their course of business with third persons, and which conduct and course of business estop the principal from denying the power of the agent to do the particular act relied on, albeit the power to do that act was not conferred, but on the contrary, was expressly denied to the agent by the original contract.

In other words, the Missouri cases give full effect to the contractual power of the principal to limit the authority of his agent in the original appointment or at any other time, but those cases also give like effect to all subsequent powers

conferred by the principal upon his agent, either expressly, or by implication, or by estoppel, notwithstanding such powers are in conflict with, in derogation of, or in enlargement of, the powers originally conferred. And this rests upon the doctrine that in each instance the principal binds himself—not that the agent binds the principal beyond his power to bind him. The act of the principal limiting the power of the agent is not irrevocable at the will of the principal. As the principal has the freedom to contract to impose the limitations upon the power and authority of the agent in the first place, so also the principal has the freedom to contract to remove, abolish, alter, diminish or increase, the limitations originally imposed upon the power of the agent, and this the principal may do in any manner that in law will be binding upon him, but in every case it is the act of the principal, that the law simply enforces, and not the unauthorized act of an agent done in excess of the authority conferred. The cases relied on by defendant fail to compel conviction or to be accepted as authority in other jurisdictions, because they lose sight of these fundamental principles of law.

Therefore, this court will still adhere to the Missouri rule. And that rule applied to the facts in this case, results in holding that the defendant waived the provisions of the policy concerning additional insurance. The agent of the company who issued the policy in suit, and who collected the premiums, and transacted all of the business of the company in Kansas City, Kansas, was fully authorized by the company to grant permits for additional insurance. He was the *alter ego* of the company in that city for all such purposes. He knew of the additional insurance before the loss. His knowledge is the knowledge of the company. He did not object, but allowed the plaintiff to rely upon the vitality of the policy; and no question was ever raised about that matter until after the loss. If the company desired to forfeit the contract for this reason, it should have acted during the life

of the contract, and it should have returned the unearned portion of the premium. If it had done so, the plaintiff could have secured other insurance. Instead of doing this, the company waited until after the loss, until after the proof of loss, and until it was too late for the plaintiff to secure other insurance. Such conduct clearly estops the defendant from making such a defense now. [Trust Co. v. Ins. Co., 79 Mo. App. 1. c. 366; Hamilton v. Ins. Co., 94 Mo. 1. c. 368; Andrus v. Ins. Co., 67 S. W. 1. c. 586; Hayward v. Ins. Co., 52 Mo. 181; Anthony v. Ins. Co., 48 Mo. App. 65.]

### III.

It is next contended that the allowance of damages and attorney's fees for vexatious delay is unwarranted by the law applicable to this case, and that a law allowing such damages is contrary to the fourteenth amendment to the Constitution of the United States, and to section 53 of article 4 of the Constitution of Missouri.

It is not perceivable what the Constitution or laws of Missouri have to do with this question. The property insured was located in Kansas City, Kansas. The contract was entered into in that city and State. The property was destroyed in that State. The cause of action accrued in that State. The plaintiff was a resident of that State and the defendant, though chartered by the laws of the State of Illinois, was *pro hac vice* a resident of the State of Kansas. The laws of that State must therefore govern in the determination of this question, and the verdict for such damages can not be helped out or sustained by virtue of any law of Missouri that may or may not permit such damages to be recovered.

The petition pleaded the law of Kansas that requires the court to allow an attorney's fee to be taxed as costs in case the plaintiff recovers a judgment against an insurance company. [Sec. 4, chap. 142, Session Laws of Kansas 1897.]

The defendant pleaded that this law had no application to such policies as this, but had reference solely to policies of insurance on improvements on real property, and furthermore pleaded that the statute of Kansas was unconstitutional, although it is not stated how or what Constitution it offends, whether that of Kansas, Missouri, or of the United States.

The statute pleaded was not offered in evidence, hence, this record does not show that there is any such law in that State. However, the plaintiff concedes in his brief, that the statute pleaded is inapplicable to this case, and says that recovery under it was not asked at the trial.

The petition does not predicate a right to recover attorney's fees upon any law except the law of Kansas pleaded, and as that is now conceded to be inapplicable and no recovery was asked by virtue of it in the circuit court, it leaves this case now without any basis upon which to rest such a recovery.

There is no statute of Kansas pleaded authorizing a recovery of ten per cent damages for vexatious delay, and none introduced in evidence. Hence, there is no basis for the recovery of that amount.

The plaintiff, however, says in his brief that "the case comes here under defendant's claim that the act of our Legislature, found in Laws of Missouri of 1899, p. 254 (effective Aug. 20, 1899), and Revised Statutes 1899, section 8012, providing for said penalty and attorney's fee is obnoxious to the Constitution of the United States and of the State of Missouri." And the defendant, in its motion for a new trial, assigns as error that the recovery of such attorney's fee is against the law applicable to the case, and for the further reason that said recovery is contrary to the fourteenth amendment of the Constitution of the United States and to section 53, article 4, of the Constitution of Missouri. So that it would seem as if the trial court permitted the re-

covery of the ten per cent damages and also the attorney's fee by virtue of the act of 1899 (sec. 8012, R. S. 1899).

In the General Statutes of 1865 (G. S. 1865, p. 402, sec. 1) a section was incorporated in the law as to insurance companies authorizing a recovery of ten per cent damages in addition to the principal and interest secured by the policy, in case the insurance company vexatiously refused to pay the loss. This provision passed into the revision of 1879 (R. S. 1879, sec. 6029, chap. 11, art. 4) and into the revision of 1889 (R. S. 1889, sec. 5927, chap. 89, art. 5).

This provision was before this court in Brown v. Assurance Co., 45 Mo. 221, and in Lockwood v. Ins. Co., 47 Mo. 50, and it was held that direct and explicit proof that the delay or refusal of payment was vexatious was not required, but that the jury must form their conclusions from all the facts and circumstances of the case. In neither of those cases was the constitutionality of the law challenged, nor has it been called in question before in any case that has heretofore come to this court.

The law was amended by the revision of 1899 by adding in addition to the ten per cent damages allowed for vexatious delay, "a reasonable attorney's fee."

This amendment, however, did not go into effect until August 20, 1899. The loss in this case occurred on May 13, 1899. The cause of action accrued before the law was amended allowing attorney's fees, and, therefore, that law could not relate back and apply to the refusal in this case, because when the refusal was made there was no law in existence punishing a vexatious refusal to pay a loss under an insurance policy by allowing the plaintiff to recover an attorney's fee.

This, therefore, leaves for consideration only the applicability of section 5927, Revised Statutes 1889, allowing ten per cent damages for vexatious delay to this case, for if it

is inapplicable its constitutionality is not a proper subject for discussion in this case.

In Scudder v. Bank, 91 U. S. 406, the Supreme Court of the United States formulated a rule bearing upon the doctrine of the *lex loci contractus, lex loci rei sitae,* and *lex fori,* as follows: "Matters bearing upon the execution, the interpretation, and the validity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought."

The Missouri statute imposing this penalty for vexatious delay, does not relate to the remedy. It is a matter connected with the performance of a contract. Hence, it can only apply to contracts that are to be performed in Missouri. It has no application to contracts like the policy in suit, which was made in Kansas, where the property insured was located and was destroyed in Kansas, where the contract was to be performed in Kansas, and where the cause of action accrued and became complete in Kansas.

It could not be that under the laws of Kansas the defendant would not be liable for damages for vexatious delay, but because the venue is transitory the plaintiff could sue in Missouri instead of in Kansas, and under the Missouri statute recover damages for vexatious delay. The Missouri law applies only to the remedy in this case. The law of Kansas applies to the contract and to all matters pertaining to the performance thereof. Hence, the Missouri rule applies to the waiver, while the Missouri statute allowing damages for vexatious delay does not apply. This leaves the case, then, without any law authorizing the verdict for the one hundred dollars damages for vexatious delay or for the one hundred and fifty dollars attorney's fees.

In Paddock v. Railroad, 155 Mo. l. c. 537, this court followed the rule laid down by the Supreme Court of the United States in Railroad v. Ellis, 165 U. S. 150, that a statute which authorized a recovery of an attorney's fee against a defendant if the plaintiff recovers, and does not allow an attorneys' fee against the plaintiff in case the defendant succeeds in the case, was in conflict with the fifth amendment to the Constitution of the United States because it did not insure the equal protection of law to both parties litigant.

It is now urged by plaintiff that since then the Supreme Court of the United States has receded from the Ellis case in several decisions, notably in Railroad v. Paul, 173 U. S. 404; Railroad v. Matthews, 174 U. S. 96, and Tullis v. Railroad, 175 U. S. 348.

Of this it is enough to say that it matters not that in the opinion of the plaintiff in this case, which has color given it by the opinion of the minority of that eminent tribunal, these cases overrule the Ellis case, for the majority of that court distinctly hold that the decisions in those cases do not overrule the Ellis case. This court has troubles enough of its own without attempting or undertaking to investigate or decide whether the majority or the minority of that court are right as to whether the Ellis case can be reconciled with the later cases. Until that court as a court overrules the Ellis case, it is the duty of this court to follow that decision, for it unquestionably applies to this case if there is any statute applicable to this case which imposes a penalty upon an insurance company for delay in the payment of its contract obligations which is not imposed upon any other person or company for a similar delay.

For these reasons the judgment of the circuit court is modified by striking out the assessment of one hundred dollars for vexatious delay, and the one hundred and fifty dollars attorney's fee for like delay, and is affirmed as to the one thousand dollars the face of the policy, with six per cent in-

terest thereon from September 11, 1899, the date of the institution of this suit, to the date of the rendition of this decision. All concur.