VENNUM, Respondent, v. MERTENS, Appellant.

St. Louis Court of Appeals, May 8, 1906.

1. **CONFLICT OF LAWS: Place where Contract is to be Exeout-
ed.** A·note, made payable in the State of Illinois and showing
on its face that it was to be controlled by laws of that State,
is governed by the laws of Illinois no matter where it was in
reality signed.

2. ————: **Judgment: Warrant of Attorney.** A judgment by a
confession of an attorney on a note which contained a warrant
of attorney authorizing such action, if valid in the State where
rendered, is treated as valid in this State.

Appeal from Jefferson Circuit Court.—*Hon. Joseph
J. Williams,* Judge.

AFFIRMED.

*H. B. Irwin* for appellant.

(1) The testimony shows conclusively that the
note on which judgment was rendered in the State of
Illinois was a Missouri contract, and that the power
of attorney authorizing any attorney of record to appear
in court and confess judgment without process, in
favor of the holder, rendered said note non-negotiable
in the State of Missouri where the same was negotiated,
and hence the Illinois court rendering the judgment on
which this suit is brought, acted without jurisdiction.
National Exchange Bank v. Wiley, 49 Law Ed. U. S.
184, 195 U. S. 257. (2) The law where the contract
was made governs. 9 Cyc. 666; Kerwin & Co. v. Doran,
29 Mo. App. 397; Hartmann v. Railroad, 39 Mo. App.
88. (3) The power of the attorney is not negotiable,
and when the legal title to the note is transferred the
power of attorney is invalid and no power can be ex-
ercised under it for the benefit of the endorsee. Ausbern

v. Hawley, 19 Ohio 130.    (4)    Crim v. Crim, 162 Mo.
545, 63 S. W. 489, is the leading case in this State,
Judges Valliant and Robinson dissenting.    This case
differs from the one at bar in this: the note sued on in
Crim v. Crim was made in the State in which the con
fession of judgment was had; whereas in the case at bar
the note was not only made in Missouri but also trans-
ferred in Missouri to the third party.    The reasoning of
the learned judge who wrote the dissenting opinion in
Crim v. Crim appears to be more in harmony with the
later decisions.    Penoyer v. Neff, 95 U. S. 729, 734;
Grover & Baker Sewing Machine Co. v. Radcliffe, 137
U. S. 670; Solon v. Wiley, 195 U. S. 257.

*James F. Green* and *E. A. Green* for respondent.

(1)    Judgments by confession, on warrant of at-
torney, as this, if valid in the State where taken, are
recognized by the courts of this State as valid.    Crim v.
Crim, 162 Mo. 545, 63 S. W. 489; Randolph v. Keiler,
21 Mo. 557; Harness v. Administrator, 19 Mo. 323; Bar-
ney v. White, 46 Mo. 139; Tootle v. Buckingham, 190
Mo. 183, 88 S. W. 619; Davis v. Cohn, 96 Mo. App. 587,
70 S. W. 727.    (2)    Contracts to be performed in a
foreign State are to be construed according to the laws
of that State; under this view it makes no difference
whether the note was signed in Missouri or Illinois.    It
was to be performed in Illinois, as witnessed by the note
itself.    The law of the place of performance governs
in such a case as this.    Stix v. Mathews, 63 Mo. 371;
Roach v. Type Foundry, 21 Mo. App. 118; Lambs v.
Rhodes, 54 Mo. App. 133; Ins. Co. v. Simon, 52 Mo. App.
357; Smoot v. Judd, 161 Mo. 673, 61 S. W. 854; Clark
v. Porter, 90 Mo. App. 143; Trower Bros. Co. v. Hamil-
ton, 179 Mo. 205, 77 S. W. 1081; Davis v. Tandy, 107
Mo. App. 437, 81 S. W. 457; Thompson v. Traders' Ins.
Co., 169 Mo. 12, 68 S. W. 889.

BLAND, P. J.—The suit is on a judgment rendered by the circuit court of Ford county, in the State of Illinois, at the April term, 1905, of said court. The suit on which the judgment was rendered was to recover the sum due on the following promissory note, which was duly indorsed by the payee and delivered to plaintiff on the day of its date, to-wit:

"$750.00.                          Bloomington, Ill., March 27, 1904.

"Sixty days after date, for value received, I promise to pay to the order of The William R. White Company, seven hundred fifty dollars, at the McLean County Bank Bloomington, Ill., with interest at seven per cent per annum after date, until paid.

"And to secure the payment of said amount, I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term time or vacation, at any time hereafter and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and ten per cent of the principal amount as attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment.

"P. O. DeSoto, Mo.                          HENRY A. MERTENS."

The defendant was not served with process and did not appear in person to the suit. But the record of the proceedings show that E. M. Rhodes, an attorney at law, appeared for defendant and filed an answer, waiving the issuance of process, confessing the execution of the note and the amount due thereon, and confessing that judgment might be rendered therefor.

Plaintiff offered in evidence the judgment roll, the entry of the judgment on the records of the Illinois Circuit Court, duly authenticated, and section 66, Revised Statutes 1899, of Illinois, which provides: "Any per-

son, for any debt bona fide due, may confess judgment by himself or attorney, duly authorized, either in term time or vacation, without process;" and offered in evidence the case of Roach v. Belden, 119 Ill. 320, which holds that under the statute, supra, an attorney, by virtue of a warrant of attorney like that appended to the note, supra, produced and filed in open court by his cognovit, could waive issue of process and confess judgment in favor of the plaintiff. Defendant, over the objection of the plaintiff, was permitted to testify that the note and power of attorney were not executed at Bloomington, in the State of Illinois, but were executed and delivered in the city of St. Louis, Missouri.

The issues were tried to the court, sitting as a jury, who rendered judgment for plaintiff.

The note was made payable in the State of Illinois, and the instrument shows on its face that the parties had the laws of that State in mind when they produced the writing and signed it, so that it is immaterial at what particular locality it was signed. The laws of the State where the note was made payable, and by which the parties intended its validity and enforcibility should govern, is controlling in this proceeding. [Trower Bros. Co. v. Hamilton, 179 Mo. 205, 77 S. W. 1081; Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S. W. 889; Smoot v. Judd, 161 Mo. 673, 61 S. W. 854; Davis, McDonald & Davis v. Tandy, 107 Mo. App. 437, 81 S. W. 457; Clark v. Porter, 90 Mo. App. 143.] Judgments on confession on warrant of attorney, if valid in the State where taken, are recognized and treated as valid in this State, under that clause of the Federal Constitution, which requires the courts of each State to give "full faith and credit" to the judgments of sister States. [Crim v. Crim, 162 Mo. 545, 63 S. W. 489; Randolph v. Keiler, 21 Mo. 557; Harness v. Green's Admr., 19 Mo. 323; Barney v. White, 46 Mo. 139; Tootle v. Buckingham, 190 Mo. 183, 88 S. W. 619.]

The appeal is without merit, and the judgment is affirmed. All concur.