## J. E. JOHNSON, Respondent, v. NOBLE MACHINE COMPANY et al., Appellants.

**Springfield Court of Appeals, June 6, 1910.**

1. **CONTRACTS: Sales: Substitution for Machinery Purchased: Sufficiency of Evidence.** In a suit for the cancellation of notes and a chattel mortgage which were executed as part of the purchase price of machinery, on the ground that the machinery sent had been substituted by the seller in place of the machinery purchased, the evidence is examined and held to justify the finding that the substitution had been made and that the seller had not complied with the contract of sale.

2. **BILLS AND NOTES: Failure of Consideration: Holder in Due Course.** In a suit for cancellation of notes and a chattel mortgage which were executed as part of the purchase price of machinery, plaintiff claimed that the seller had substituted other machinery in place of the machinery purchased, but the holder of the notes claimed to be a purchaser thereof before maturity for a valuable consideration without notice of any defense thereto. The evidence is examined and held to justify the finding that the holder had notice and knowledge of the plaintiff's defense.

3. ————: **Contracts: Conflict of Laws.** Where the contract under which plaintiff purchased machinery bears date, "Fort Wayne, Indiana, January 20, 1904," and provides that the machinery is to be delivered on the cars at Fort Wayne, and that in payment therefor the plaintiff is to execute his notes, which notes were also dated Fort Wayne, Indiana, and were made payable at a bank in that city, and were declared on their face to be negotiable; *held,* that the question of the negotiability of the notes should be governed by the laws of Indiana, notwithstanding they were signed in Missouri.

4. **PLEADING: Injunction: Parties: Misjoinder of Parties Defendant.** In a suit to enjoin the sale of property, under a chattel mortgage, and to have the mortgage and notes cancelled on the grounds that the notes were given under a contract for machinery and that the vendor had substituted inferior machinery in lieu of that purchased, the petition also contained counts seeking to obtain damages against the vendor of the machinery for the substitution and for delay in shipping the machinery. The vendor made no appearance in the case. The purchaser of the notes filed a demurrer to the petition, which was overruled, and

it afterwards answered. The trial court found for plaintiff and entered a decree enjoining the sale and cancelling the notes and mortgage. *Held,* that this was the main purpose of the suit against the purchaser of the notes, that no other judgment was prayed against it, and that it was in no position to complain that the other counts were against the other defendant; that all the matters in the petition might properly have been contained in one count.

Appeal from Ripley Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Alfred Perkins* and *John N. Raney* for appellants.

*John Morgan Atkinson* for respondent.

(1) This was a suit at law, the injunction being a mere incident or ancillary proceeding. Davison v. Hough, 165 Mo. 561; Beland v. Brewing Assn., 157 Mo. 593. (2) A jury being waived in this case, the finding of facts by the court sitting as a jury are as conclusive on appeal as would be a verdict of a jury. Baumhoff v. Railroad, 171 Mo. 120; Crain v. Peterman, 200 Mo. 295; Warner v. Close, 120 Mo. App. 211; Fuhlhage v. Nagle, 105 Mo. App. 471; Martin v. Williams, 96 Mo. App. 249; Keys F. & D. Co. v. McCrady, 120 Mo. App. 670; Russell v. Jones, 181 Mo. 699; Moberly v. Trenton, 181 Mo. 637; Rutledge v. Quinlan, 105 S. W. 653. (3) The contract, having been completed in this State, became a Missouri contract. Hauck Clo. Co. v. Sharpe, 83 Mo. App. 385; Insurance Co. v. Simons, 52 Mo. App. 357.

GRAY, J.—This suit was brought in the circuit court of Ripley county, against the Noble Machine Company, Old National Bank of Ft. Wayne, Ind., and Alfred Perkins. The plaintiff alleges in his petition that on the 20th day of January, 1904, he entered into

a contract with the defendant, Noble Machine Company, for the purchase of certain machinery and equipment, promising to pay therefor the sum of fifteen hundred and fifty dollars; that he paid in cash three hundred and fifty dollars, and executed his promissory notes of three hundred dollars each; that he paid one of said notes and $171.96 on another one; that when the machinery was shipped to him from Ft. Wayne, Ind. to Missouri, other machinery was substituted for that purchased by him, and on account thereof he was damaged in a sum in excess of the balance due on the notes. The petition further alleges that to secure the payment of said notes, the plaintiff executed to the defendant, Noble Machine Company, his chattel mortgage on the property so purchased from said defendant, and asked to have the notes canceled of record, and for a judgment of fifty dollars and costs against the Noble Machine Company.

In the second count of plaintiff's petition he alleges that at the time he purchased the property, the defendant, Noble Machine Company, agreed to ship it at one time and in bulk, but failed to do so, and on account thereof, he was compelled to pay additional sums for freight, amounting to one hundred dollars, and prayed for judgment therefor.

In the third count of his petition, he asked for a judgment against the Noble Machine Company in the sum of $1000, for failure of the company to ship the machinery to him promptly.

After setting forth his causes of action against the defendant, Noble Machine Company, in three counts as aforesaid, the plaintiff alleges that the Noble Machine Company, with the intent to injure and defraud the plaintiff, fraudulently and without consideration, made a pretended assignment of said notes and mortgage to the defendant, Old National Bank, and that at said time said bank knew the consideration for said notes had failed, and that the bank conspired and colluded with

the Noble Machine Company for the purpose of aiding the Machine Company to injure and defraud plaintiff in the payment of the notes.

It is further alleged that the bank, through the defendant, Perkins, its attorney, is about to advertise and sell the machinery under the power of sale contained in the chattel mortgage, and asked for a temporary injunction restraining a sale, and declaring the chattel mortgage and notes null and void, and asked to have them canceled of record.

Upon application to the court, a temporary restraining order was issued, restraining the defendant and each of them from foreclosing the chattel mortgage. The machine company made no appearance in the cause. The other defendants first demurred to the petition, which was overruled, and they afterwards answered, admitting that it was the intention of said defendants to foreclose the chattel mortgage and sell the property at public sale on the 22nd day of July, 1905.

It was further stated that the bank was a purchaser of said notes before maturity for a valuable consideration without notice of any defense the plaintiff might have thereto.

After hearing the evidence, the court rendered a judgment in favor of the plaintiff, finding that the amount unpaid on the notes was $870.04, and that each of said notes contained a provision for the collection of an attorney's fee, and that when the Old National Bank took said notes, it took them with full notice and knowledge of all payments and damages of the plaintiff's defense thereto.

There was no special finding in the judgment of any damages or failure of consideration claimed in the petition, but after finding the facts, as above stated, the judgment concludes: "The court further finds the issues herein for the plaintiff and against the defendant herein as involved by the pleading and testimony

on the trial of this cause, whereupon it was ordered, adjudged and decreed by the court that the injunction formerly granted in this cause be made perpetual; that such chattel mortgage is adjudged null and void and not a lien on said property, and that it be set aside and canceled of record, and that said notes given defendant, Noble Machine Company, and held by the Old National Bank, be and they are hereby adjudged null and void and that they be brought into court and canceled and for naught held."

The plaintiff testified that he saw the machinery in Indiana before he purchased it, and when it arrived in Missouri, he discovered that the machinery he had purchased was not shipped to him, but other machinery in place thereof. In this claim he stands uncontradicted, but corroborated. Hon. J. C. Sheppard, then practicing law in Ripley county, represented the seller in securing the execution of the notes and mortgage. He saw the machinery at the time it was delivered, and wrote a letter to his client containing the information that the machinery delivered was not the same machinery described in the contract and bill of lading, and that he had secured the notes and mortgage with the understanding that things would be made right, and that several of the things called for in the contract were not included in the shipment.

The correspondence between the parties shows that afterwards, certain parts of the machinery were supplied, but on the testimony of the plaintiff, the court was warranted in finding that the difference in the value of the machinery shipped and that contracted for, exceeded the balance due on the notes, and if the contest was between the Noble Machine Company and the plaintiff, then the decree of the circuit court has for its support practically all the evidence in the case.

The real contest is over the relation the appellant bank sustains to the notes. The appellants maintain that in as much as the notes are dated Ft. Wayne, Ind.,

that they are Indiana contracts, and it was agree that under the laws of Indiana, the notes were negotiable. The respondent maintains that even though the notes were dated Ft. Wayne, Ind., yet he executed them in Missouri, and therefore, they are Missouri contracts.

The contract under which plaintiff purchased the machinery bears date, "Ft Wayne, Ind., January 20, 1904," and provides that the machinery is to be delivered on the cars at Ft. Wayne, and that in payment therefor the plaintiff is to execute his notes. The notes are all dated, "Ft. Wayne, Ind.," and were made payable at the appellant bank in that city, and are declared on their face to be negotiable. Under the authority of Bank v. Cooper, 85 Mo. App. 383; Trower Bros. Co. v. Hamilton, 179 Mo. 205, 77 S. W. 1081, and Vennum v. Mertens, 119 Mo. App. 461, 95 S. W. 292, we decide this point against the respondent.

The judgment of the court, however, shows that when the defendant, Old National Bank, acquired the notes, it did so with full notice and knowledge of all the claims of plaintiff against the same. While we are not bound by that finding of the court, yet if the same is sustained by a fair preponderance of the evidence, we are not inclined to interfere. The plaintiff testified that a short time after the notes were executed, he wrote the defendant bank of his claim against the notes; that his return card was upon the corner of the envelope in which the letter was contained, and that he received no answer from the letter, and that it was not returned to him. Homer Shelton testified for plaintiff that he was in the employ of plaintiff in May, 1904, and that he was given a letter by the plaintiff directed to the Old National Bank of Ft. Wayne, Ind., and that he mailed that letter in the postoffice.

After the time the bank claims it purchased the notes, the plaintiff continued to deal with the machine Company, shipping staves to said defendant, receiving credits therefor, which were afterwards applied on the

notes; that when one note was paid off, it was sent by the defendant Machine Company, to the plaintiff, although it was paid some time after the bank claims to have purchased the notes.

The Noble Machine Company was not a corporation or a co-partnership, but William K. Noble was the absolute owner thereof, and he was also a stockholder in the defendant bank. Extensions were granted on the notes, and these matters were all arranged between Noble and the plaintiff.

Under all the facts and circumstances, we do not feel justified in disturbing the finding of the trial court upon this issue.

The petition of the plaintiff is in equity, and the real purpose to be accomplished was the cancellation of the notes and mortgage of record. The matters alleged might have been contained in one count in the petition instead of alleging them in three separate counts, and then proceeding with the allegations regarding the title of the defendant bank to the notes, with the prayer that the notes and mortgage be canceled. The appellants filed a demurrer to the petition, and now assert that it is defective and insufficient to support a judgment because the suit is against three persons, and some of the counts in the petition are only against one of the defendants. This is technically true, but as we have just stated, the real purpose of the suit was to enjoin the sale of the property under the chattel mortgage, and to have the same canceled of record, and so far as the appellants are concerned, no other judgment was prayed for against them.

After an examination of the record and the objections urged against the action of the trial court, we are unable to discover any substantial error committed against the appellants, and we will affirm the judgment. All concur.