Virginia BRUMBAUGH, Plaintiff-
Respondent,

v.

TRAVELERS INDEMNITY COMPANY,
Defendant-Appellant.

No. 32028.

St. Louis Court of Appeals.

Missouri.

Nov. 16, 1965.

Edward K. Fehlig, Hocker, Goodwin & MacGreevy, St. Louis, for appellant.

John T. Sluggett, III, St. Louis, for respondent.

CLEMENS, Commissioner.

The plaintiff-insured had judgment below on her claim for the $1,000 insured value of a diamond ring stolen in a robbery. The defendant-insurer appeals. The issues here are these: Where an insurance agent extends credit for a premium, and pays the premium himself, may the insurer avoid liability because the insured fails to pay the premium to the agent? And, did the defendant give due notice of cancellation to the plaintiff at her "last known address"?

The case was tried without a jury and the following facts were conceded. While living in Los Angeles County, California, the plaintiff applied to the defendant's local agent for an all-risk policy on her jewelry. On February 2, 1961, defendant's general agent, Milton J. Jiler, issued a three-year policy. He mailed the policy to plaintiff on February 20, 1961, with a letter of transmittal. The letter thanked plaintiff for the business and solicited further insurance, but made no reference to payment of the stated premium of $56.16. The policy covered the subsequent loss of plaintiff's

$1,000 diamond ring by a robbery on July 11, 1962, in St. Louis. Plaintiff made timely proof of loss, and the defendant denied liability. It contends that the policy was never in effect because the plaintiff failed to pay the premium and, alternatively, that it canceled the policy before the loss occurred.

We must first decide what law governs the case. The policy was issued and delivered to the plaintiff in California, where she resided and had the insured property. So, it was a California contract and this action is to be governed by the laws of California as to the substantive rights of the parties, and by the laws of Missouri as to procedure. Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S.W. 889(3); Limbaugh v. Monarch Life Ins. Co., Springfield, Mass., Mo.App., 84 S.W.2d 208(1); and Ashburn v. Sun Life Assur. Co. of Canada, Mo.App., 197 S.W.2d 694(2). We take judicial notice of the common law and statutes of California, even though not pleaded. Sections 490.080, 490.090, V.A.M.S.; Redick v. M. B. Thomas Auto Sales, 364 Mo. 1174, 273 S.W.2d 228(4). Accordingly, the defenses of nonpayment of premium and cancellation will be measured by the law of California, and our review will be according to Missouri law.

Defendant's first point is that it is not liable because the plaintiff failed to pay the premium. The defendant's agent, Milton J. Jiler, issued the policy on February 2, 1961. The premium for the three-year term was $56.16. Although Mr. Jiler had no record of any payment from plaintiff, he had paid that amount to the defendant, explaining: "That's required by the company. They are not concerned with what my problems are with my policy holders."

This defense of nonpayment must fail. The insuring clause of the policy says: "*In consideration of* the stipulations herein named and of *the stated premium,* this Company does insure the above Named Insured, whose address is shown above

* * *." (Our emphasis.) Section 484 of Deering's California Codes. [West's Annotated California Insurance Code, § 484] provides: "An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment * * *." Thus, in the case of Bloom v. Pacific Mut. Life Ins. Co., 85 Cal.App. 419, 259 P. 496 (2), it was held that delivery of a similar policy to the insured, absent fraud or reservation as to payment, made the policy effective upon delivery.

■ Ours is a case where the insurer's agent on his own responsibility extended credit to the insured, the insurer issued the policy, and the premium was paid by the agent. In such cases the general rule is that nonpayment of the premium by the insured to the agent does not defeat the right to recover from the insurer. See Appleman, Insurance Law and Practice, Sect. 8007; 44 C.J.S. Insurance § 272, p. 1087; and 29 Am.Jur., Insurance, Sect. 540. This principle was recently followed in the case of Negvesky v. Alston, 152 Cal.App.2d 66, 312 P.2d 728(1), where it was said:

> "The insurance company does not dispute the legal rules that when a policy of insurance is issued and delivered under an arrangement whereby credit is extended to the insured for payment of the premium the insurer is liable for a loss occurring during the credit period. * * *"

To the same effect are the cases of Hooker v. American Indemnity Co., 12 Cal. App.2d 116, 54 P.2d 1128(1); Vierra v. New York Life Ins. Co., 119 Cal.App. 352, 6 P.2d 349(4); and Courdway v. People's Mut. Life Ins. Co. of California, 118 Cal.App. 530, 5 P.2d 453(2), where the insurer was held liable on a delivered policy even though the insured's postdated check for the premium, payable to the agent personally, was returned because of insufficient funds.

■ So, we hold that the trial court did not err in denying the proposed defense of nonpayment of the premium. This brings us to consideration of defendant's second point, that the policy had been canceled before the loss.

■ We digress here to note the scope of our review. The case was tried without a jury, so we review the case upon the law and the evidence produced below, weigh the evidence, and render such judgment as the trial court ought to have given. Civil Rule 73.01(d), V.A.M.R.; Minor v. Lillard, Mo.Sup., 289 S.W.2d 1. There were no live witnesses before the trial court. The only evidence was the policy, the agent's letter of transmittal, and his deposition. Because we are in as good a position to weigh that evidence as was the trial judge, the usual rule of deference to him does not apply. Schwartz v. Shelby Construction Co., Mo.Sup., 338 S.W.2d 781(6); Sadlon v. Richardson, Mo.App., 382 S.W.2d 9(3, 4).

■ Returning to the question of evidence on the defendant's claim of cancellation, we note that this is an affirmative defense on which defendant had the burden of proof. McCartney v. State Ins. Co., 45 Mo.App. 373(1, 2); Gennari v. Prudential Ins. Co. of America, Mo., 335 S.W. 2d 55(2); Sect. 509.090, V.A.M.S. This is also the law of California. See K. C. Working Chem. Co. v. Eureka-Security F. & M. Ins. Co., 82 Cal.App.2d 120, 185 P.2d 832(9, 10), where the court said:

> " * * * In order to establish cancellation of a policy of insurance it must be shown either that the conditions upon which the company was allowed to cancel the policy were strictly complied with, or that the insured, knowing all the facts, waived such compliance. [Citing cases.] The burden of proving cancellation is upon respondent. * * *"

The policy listed plaintiff's address as "1530 7th Street, Santa Monica, L. A. Co., California." It stated:

" * * * This Policy may be canceled by the Company by mailing to the Assured *at the address shown in this Policy or last known address* written notice stating when not less than five (5) days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date of cancelation stated in the notice shall become the end of the policy period. * * * " (Our emphasis.)

Admittedly, the defendant did not send a notice to plaintiff's address as given in the policy. Instead, it relied on the "last known address" clause and now contends that it mailed a proper notice of cancellation by registered mail to plaintiff at each of two separate addresses, 4015 and 6015 Interceptor, Los Angeles, California. There was no documentary evidence of such mailing. We have only the agent's deposition for proof of notice of cancellation.

Mr. Jiler's deposition shows no chronology as to his conduct and knowledge about the notice of cancellation. In the order in which he answered the questions put to him, he testified in substance: Plaintiff was referred to him by another policy holder and she then lived at 1530 Seventh Street in Santa Monica, to which address he mailed her the policy. On May 11, 1961, the premium had not been paid, so he *had* the policy canceled by two notices sent to 4015 and 6015 Interceptor, Los Angeles. Mrs. Brumbaugh had moved to that address and didn't notify him. He saw her at work in an effort to collect his premium and learned of her address, but it was only a temporary one at a motel on Ocean Avenue in Santa Monica, so he didn't "put in the change of address." He believed Mrs. Brumbaugh had phoned him of her change to the address on Interceptor. He believed the notices were sent by registered

mail by the defendant company, and that they usually let him know if letters were returned, but he wasn't sure. Mrs. Brumbaugh phoned him of her change of address to Interceptor, but he learned of the other changes of address by going to where she worked.

The plaintiff's "last known address" was that place where mail was most likely to reach her, and that would be her residence. See San Diego Sav. Bank v. Goodsell, 137 Cal. 420, 70 P. 299(6).

We must decide a simple factual question: Does the defendant's evidence, and the reasonable inferences derived therefrom, warrant our forming a belief in its proposition that it mailed a notice of cancellation to the plaintiff's last known address? For the reason previously stated, the rule of deference to the trial court is not applicable here and this court is the sole judge of the credibility of Jiler's testimony. Buford v. Moore, Mo.Sup., 177 S.W. 865(2). Even though the testimony is uncontradicted, we need accept it only insofar as it appears to us to be credible. Milne v. Chicago, R. I. & P. Ry. Co., 155 Mo. App. 465, 135 S.W. 85(5). So considered, Jiler's testimony does not support defendant's proposition of cancellation. First, there is no evidence of the content of the self-styled notice of cancellation. There was no plain statement that anything was mailed, only Jiler's statement that he had notices sent (apparently by someone else). Second, Jiler both asserted and denied that Mrs. Brumbaugh notified him she had moved to one of two different addresses on Interceptor Street. At some unstated time, Jiler said, he learned of other changes of her address. We cannot determine from the evidence just what knowledge Jiler had of plaintiff's past or then present residence at the time the two notices were claimed to have been mailed.

We can only conclude from all this that the defendant has failed to show

strict compliance with the policy provision as to its right to cancel the policy.

The judgment of the Circuit Court for the plaintiff should be affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.