# FEALDON A. ADAMS, Appellant, v. S. D. MOODY, Respondent.

### Kansas City Court of Appeals, December 2, 1901.

1. **Debtor and Creditor: NOVATION: CHATTEL MORTGAGE.** Where a chattel mortgage is made to secure the debt of a third party, to constitute a novation and make the mortgagee personally liable for such debt there must be an express covenant to pay the money, and the mere acknowledgment that the mortgage is executed to secure the payment of a certain sum and that the instrument should be void on its payment, is insufficient to constitute a personal liability, and so a mortgage mentioned in the opinion did not make the mortgagor liable personally for the debt secured.

2. ————: **EXACTING USURY: CREDITS.** Where a mortgagee exacts usury from the mortgagor the lien of the mortgage becomes void and can not be enforced, and the fact that the mortgagee after securing the usury credits the same as a payment on the secured debt can avail him nothing, since the inhibition of the statute is not only against receiving but also exacting usury.

Appeal from Macon Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*J. M. McCall* and *O. D. Jones* for appellant.

(1) The court erred in overruling appellant's motion to strike out that part of appellant's answer that set up as a defense the usury paid by Bates. It is settled by a multitude of decisions that the right to plead usury is a privilege personal to the debtor. 27 Am. Ency. of Law, page 949, and cases there cited. The only exception to the rule laid down as above is as

to sureties, guarantors, heirs, devisees, executors and adminis-
trators.    American Rubber Co. v. Wilson, 55 Mo. App. 656;
Voorhis v. Staed, 63 Mo. App. 370; Jones on Mortgages, page
513; Jones on Chattel Mortgages, secs. 644 and 1493; 27 Am.
and Eng. Ency. of Law, p. 952; Byington v. Hogan, 58 Mo.
509; Bredell v. Alexander, 8 Mo. App. 110; Breckinridge v.
Ins. Co., 87 Mo. 62.    He is not within the pale of any of the
privileged classes.    Maher v. Lanfrom, 86 Ill. 513; Bank v.
Bank, 123 Ill. 510; Hollingsworth v. Swickhard, 10 Iowa
385; Truesel v. Dowden, 47 N. Y. Eq. 396; Hood v. Nichol-
son, 137 Mo. 400; Berden v. School Dist., 47 N. Y. Eq. 8;
Kilholtz v. Wolf, 103 Ill. 362; Rappanier v. Bannon, 8 Atl.
Rep. 555.    (2) The court erred in sustaining the demurrer
offered by respondent at the close of appellant's evidence.    (3)
Plaintiff is entitled to judgment on the pleadings of the first
and second counts.    Lee v. Porter, 18 Mo. App. 377; Jacobs
v. Maloney, 64 Mo. App. 270; Lumber Co. v. Meffert, 59 Mo.
App. 437.    The credit for the claimed usurious charges is all
he can claim.    Price v. Loan Association, 75 Mo. App. 551.
This calls for reversal of the judgment of the lower court.    (4)
The evidence does not sustain the plea of usury to the third
count, and it was error to give the demurrer to the evidence
even to it.

*R. W. Barrow* and *R. G. Mitchell* for respondent.

(1) The fact that one buys property subject to a mort-
gage and that the deed or bill of sale recites that he buys it sub-
ject to the mortgage, does not make the vendee personally liable
for the debt.    To make the vendee personally liable there
must be a clear express assumption of the debt and an express
promise by the vendee to pay the same or he will not be held
personally.    This is well settled, and under the writing signed
by Moody he did not make any such promise or assumption and
hence can not be held personally liable.    Hall v. Morgan, 79

Mo. 47; Walker v. Goodsill, 54 Mo. App. 631; State Ins. Co. v. Irwin, 67 Mo. App. 90; National Home B. & L. Ass'n v. Scudder-Gale Grocery Co., 82 Mo. App. 245; Hicks v. Hamilton, 144 Mo. 495. (2) The fact that one gives and signs a mortgage to secure the indebtedness of another does not imply that the maker of the mortgage assumes the debt, unless the mortgage contains words expressly admitting a personal obligation. The mortgage in this case contains no express admission of indebtedness of Moody and no express promise to pay and without these there is no personal liability against Moody. 15 Encyclopedia of Law (1 Ed.), p. 816; Jones on Chattel Mortgages (4 Ed.), p. 758, secs. 759 and 761; 2 Jones on Mortgages, pp. 176 and 177, sec. 1225; Culver v. Sisson, 1 N. Y. Appeals 434, N. Y. 264; Larmon v. Carpenter, 70 Ill. 549; Fithian v. Monks, 43 Mo. 502; Chittenden v. Gossage, 18 Iowa 157; Coleman v. Van Ransulear, 44 (How.) N. Y. 368; Henry v. Bell, 5 Vt. 393; Severance v. Griffith, 3 (Lansing) N. Y. 38.

BROADDUS, J.—The petition contains three counts.

The first count alleges that on the fifteenth day of March, 1899, the defendant was indebted to the plaintiff in the sum of six hundred dollars, on which indebtedness the defendant paid, on the eighteenth of March, 1899, twenty-seven dollars; on the sixth of June, 1899, twelve dollars, and on the eighth of June, same year, two dollars and fifty cents.

The second count alleges that on the sixth day of December, 1898, one Charles Bates was indebted to the plaintiff in the sum of six hundred dollars, evidenced by his promissory note of that date, due in ninety days thereafter; which note was secured by chattel mortgage of that date wherein was pledged certain personal property; that the defendant on the fifteenth of March, 1899, became the purchaser of the chattels described in said mortgage, at which time he contracted in writing that in consideration of plaintiff consenting that he might

purchase said mortgaged property of said Bates and take the same into his possession and control, that he would assume and agree to pay the said note executed by said Bates; that the defendant took said property subject to plaintiff's chattel mortgage and executed to plaintiff his mortgage upon said property to secure said indebtedness to plaintiff as aforesaid stated, due from Bates to plaintiff; that thereby defendant assumed said indebtedness of Bates to plaintiff and agreed to pay the same, and the said Bates was released and there was a complete novation of said debt. After giving some credits he prays for a personal judgment against defendant for $558.50.

On the third count the plaintiff claims the right to the possession of the mortgaged property under the mortgage executed by the defendant and alleges his damages to be $650.

The defendant answers in three counts:

The first is a general denial except as to all matters not thereinafter admitted.

The second count after admitting the execution of the note and mortgage of Bates to the defendant alleges as a defense that plaintiff exacted and received usury on said note, to-wit: That in March, 1899, he exacted and received on said note $27 for three months' interest on the same, and that on June 6, 1899, he received $14.50 on said note for three months' interest. That by reason thereof said mortgage became illegal.

The third count of the answer alleges that by the terms of the agreement when he purchased the mortgaged property from Bates the latter agreed and assumed to pay certain indebtedness of defendant to certain other parties, which he failed to do; and further, that Bates agreed to sell and deliver to him certain property described which he also failed to do. This count is set out for the purpose of showing a partial failure of consideration. The plaintiff moved to strike out the matter contained in the third count, which motion was overruled. But as there was no evidence offered in support thereof the finding

of the court could not have been based upon said count; but if the cause is to be reversed the action of the court in that respect might become material in view of another trial.

There was also a motion to strike out the second defense of defendant's answer which motion was also overruled. It must have been on this defense that plaintiff was defeated in the trial court. The plaintiff was the only witness who testified, and upon his evidence and the note and mortgage mentioned the plaintiff rested his case. The defendant demurred to plaintiff's case as made out, which demurrer was sustained by the court, whereupon plaintiff took a nonsuit. After proper effort to have the nonsuit set aside, the plaintiff appealed to this court.

The evidence of Adams, the plaintiff, clearly shows that he exacted and received usury on the note. From his evidence it appears that on or about March 18, 1899, when plaintiff took the mortgage from defendant, he wanted $15 for making the change and that Bates was to pay that sum to him, but that it was afterwards paid by the defendant. Defendant also thereafter paid plaintiff, for three months' extension on the note, $2.50 in excess of lawful interest.

If this was merely a suit to enforce plaintiff's lien under the mortgage in question, the finding of the court could not be questioned. Section 3710, Revised Statutes 1899, provides: "In actions for the enforcement of liens upon personal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged, or in any other case where the validity of such lien is called in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon given to secure such indebtedness, invalid and illegal." The fact that plaintiff exacted and received from defendant usurious interest having been made to appear in the case by his own evidence,

he was not entitled to recover possession of the mortgaged property and damages for detention thereof under his third count. But the real contention in this case is, was the plaintiff entitled to recover under the second count of his petition? It is claimed that by the execution of the mortgage by defendant to secure the note of Bates to the plaintiff, he became bound for the debt. That the sale of the mortgaged property by Bates, the first mortgagor, to defendant with the consent of the plaintiff, and the latter taking the second mortgage from defendant upon the same property, was a novation; and that thereby defendant assumed the payment of the note.

The statement of plaintiff Adams that defendant at the time he executed the mortgage agreed to pay the note can not be considered as substantiating the claim that defendant became personally liable for the debt because the execution of his mortgage in writing merged all prior and contemporary agreements therein. We are to resort to the mortgage itself to ascertain if there be any agreement to pay the debt or such an acknowledgment of it as will in law make him personally liable for its payment. The instrument in question is an ordinary chattel mortgage from which we make the following quotations from the parts of the same that have any material bearing on this question, viz.: "The undersigned Stephen D. Moody of LaPlata, Macon county, Missouri, for the purpose of securing the payment of six hundred dollars and interest according to the condition of one promissory note executed by Charles W. Bates, payable to Fealden A. Adams, bearing date December 6, 1898, and payable in ninety days from date thereof" .... and "provided that if the undersigned shall pay the said debt on or before June 6, 1899, then this mortgage shall be void." The first quotation is a description of the debt, but it can not be construed as an acknowledgment of it as the debt of the defendant. The words in the second quotation constitute an agreement that if defendant shall pay the debt described then the mortgage shall be void. But does such an agreement con-

stitute such an acknowledgment as will make him personally liable for the debt?

In Jones on Chattel Mortgages, section 759, the following rule is laid down: "If there be no separate obligation, and no covenant or agreement in the mortgage to pay the sum secured, and no recital or declaration of indebtedness from the mortgagor to the mortgagee, there is no personal liability and no action will lie by the mortgagee upon the mortgage to recover the debt secured. . . . Thus if there be no express covenant to pay the money, and no acknowledgment except that the instrument is executed for the purpose of securing the payment of a certain sum, although there be a proviso that the instrument should cease and be void on payment of that sum . . . . no action can be maintained on the mortgage." Idem, sec. 760. The same rule has been adopted by the courts of this State. Hall v. Morgan, 79 Mo. 47; Association v. Scudder Grocer Co., 82 Mo. App. 245, and many other cases. It is safe to say then, the rule quoted from Jones on Chattel Mortgages being the law as applied to the liability of purchasers of property incumbered by mortgages, must govern in the determination of this case. The difficulty is not in the rule itself but in its application here.

There is nothing in the mortgage of the defendant that can be construed as an express promise to pay the debt secured therein. The language quoted: "provided that if the undersigned shall pay said debt on or before June 26, 1899, then this mortgage shall be void," is not an express promise to pay the debt but at most a provision for voiding the instrument upon the payment of the debt. He does not bind himself in express terms to pay the debt of another, but he may pay it, as any purchaser of incumbered property may pay an incumbrance, to relieve it of the lien. He does not acknowledge the debt as his own, but wherever it is referred to in the mortgage it is denominated as the debt of Chas. W. Bates. There is no acknowledgment of the debt other than that the instrument is

Adams v. Moody.

made for the purpose of securing the payment of a certain note—except the proviso that the instrument should cease and be void on the payment of the debt, and in case of default the mortgagee is authorized to sell the property and apply the proceeds in payment rendering the overplus to the mortgagor. The case falls within the rule as expressed in section 760 of Jones on Chattel Mortgages. With this view of the case the action of the trial court in sustaining the demurrer to plaintiff's case is held to have been rightful, and it necessarily follows that the court was right in overruling plaintiff's motion to strike out the second defense of the answer.

As the case is to be affirmed, the action of the trial court in overruling plaintiff's motion to strike out defendant's third defense becomes immaterial.

It is held that the exacting or receiving of usury by plaintiff from defendant renders the lien of the mortgage void under the statute. The fact that when plaintiff ascertained there were objections raised to his exacting usury and receiving same he afterwards credited the money he so received as payments can not avail him as the statute prohibits not only the receiving but also the exaction of usurious interest. After he had either exacted or received usury on the note the provision of the statute in question then and there characterized the nature of the transaction, and his subsequent action of giving credit on the note for the moneys already exacted and received did not have the effect of relieving him of the penalties of the law.

The cause is affirmed. All concur.