## DAVIS, McDONALD & DAVIS, Respondents, v. A. H. TANDY, Appellant.

Kansas City Court of Appeals, February 15 and May 30, 1904.

1. **USURY: Plea of Personal Privilege: Privity.** A mere stranger can not avail himself of the plea of usury since it is a personal privilege of the debtor who alone with his privies in blood or estate can set up.

2. ———: ———: ———: **Statute.** Section 3710, Revised Statutes 1899, does not enlarge the class who may plead usury.

3. ———: ———: ———: ———. Following Keim v. Vette, 167 Mo. 389, it is held that the true owner of mortgaged property which has been pledged by a party in possession thereof under such circumstances as to give him apparent dominion thereover, may avail himself of the usury in the mortgage given by such apparent owner.

4. ———: **Plea of: General Denial: Statute.** Generally usury should be pleaded but where the petition declares on the mortgage as the basis of recovery the usury involved may be shown under the general denial since a usurious mortgage is void and never conferred a right of action nor conveyed any title; and if usury appears in the petition a general denial is sufficient.

5. ———: ———: **Conflict of Laws.** The law of the place of performance as a rule governs the contract; but this rule gives way to the will of the party which will be presumed to select the place which recognizes their contract as valid.

6. ———: ———: ———. Where the contract is void in both the place of making and performance, such presumption will not obtain. And the law of place where the contract was made would govern.

7. ———: ———: ———: **Parol Evidence.** Where the contract does not specify whether the law at the place of making or at the place of performance should govern, oral evidence may be resorted to to show which was meant by the situation and surrounding circumstances.

8. ———: **Plea of: Conflict of Law: Different Consequences.** As the laws in different states attach different consequences to usury the question of intention which state should govern a contract becomes important and a valid Texas contract may be enforced in Missouri though void here; but its enforcement here will be attended with the consequences imposed by the laws of Texas.

9. ———: ———: **Pleading: New Trial.** Certain suggestions made regarding pleadings at a new trial.

Appeal from Jackson Circuit Court.—*Hon. E. M. Gates,* Judge.

REVERSED AND REMANDED.

*T. A. Witten* and *Roland Hughes* for appellant.

(1) The mortgage was void on account of usury. R. S. 1899, sec. 3710. (2) Defendant claiming to be the owner of the cattle, had a right to rely upon this defense. Keim v. Vette, 167 Mo. 389; Storage Co. v. Glasner, 169 Mo. 48; Johnson v. Simmons, 61 Mo. App. 395; Rubber Co. v. Wilson, 55 Mo. App. 656; Voorhees v. Stead, 63 Mo. App. 370; Coleman v. Cole, 158 Mo.

App. 253; Marx v. Hart, 166 Mo. 503. (3) The issue that the mortgage was invalid and void on account of usury or for any other reason was sufficiently raised by defendant's general denial; and was also properly in the case because plaintiff voluntarily proved the usury in making out his case. Hardwick v. Cox, 50 Mo. App. 509; Johnson v. Simmons, 61 Mo. App. 395; Cavender v. Wadingham, 2 Mo. App. 551; Adams v. Moody, 91 Mo. App. 41; Thomas v. Ramsey, 47 Mo. App. 84; Sprague v. Rooney, 104 Mo. 349, overruling 82 Mo. 493. Plaintiffs failed to show either: (a) Title in Hale, his mortgagor: Carter v. Feeland, 17 Mo. 383; Sweitzer v. Wilvers, 24 Kan. 384; Lewis v. Ruthrick, 102 Mass. 412; Whistler v. Foster, 32 L. J. Cp. 161; 1 Benj. on Sales (3 Eng. Ed.), p. 12; The Fannie, 9 Wheat. 658; Ventries v. Smith, 10 Pet. 176; Quigley v. Bank, 80 Mo. 289; Robinson v. Bird, 158 Mass. 357; Church v. Sterling, 16 Conn. 388; Follesbee v. Kilbreath, 17 Ill. 522; Crockner v. Deuesterman, 3 N. W. 276. (b) Or that defendant was estopped: Hill et al. v. Epley et al., 31 Pa. St. 334; Acton v. Daily, 74 Mo. 63; Deberry v. Wheeler, 128 Mo. 84.

*Cowan & Burney* and *Botsford, Deatherage & Young* for respondents.

(1) The mortgage was upon property situated in the State of Texas, executed, delivered and recorded in Texas, to secure a note providing the Texas rate of interest, and they must therefore be tested by the laws of Texas as to their validity respecting interest and usury. Adams v. Robinson, 37 Ill. 45; Webb on Usury, sec. 256; Security Co. v. Varder, 28 Fed. 265; Security Co. v. McLaughlin, 87 Ga. 1; Thompson v. Edwards, 85 Ind. 414; Bank v. Smart, 2 McArthur 371; Bankhouse v. Selden, 29 Grattan 581; Duggen v. Lewis, 14 S. W. 1024; 22 Am. and Eng. Ency. Law (2 Ed.), p. 1330; Bedford v. Loan Assn., 181 U. S. 227. (2) Usury

is a defense which must be pleaded in actions of this character.   Mullamphey v. Phillipson, 1 Mo. 135; Weiner v. Shelton, 7 Mo. 237; Davis v. Tuttle, 10 Mo. 201; Davis v. Bowling, 19 Mo. 651; Gunn v. Head, 21 Mo. 432; Bond v. Wolsey, 26 Mo. 253; Webb on Usury, sec. 397-398a, 399, 401, 402, 403 to 415; 22 Ency. Pl. and Pr., pp. 421-441; R. S. 1899, sec. 3709-3710.   (3)   There is no presumption that the mortgage is void even though it should be held that there is a presumption that the rate of interest charged in Texas is the Missouri rate, and was usurious; in other words, presumption will not be indulged that the penalty of the Missouri statute as to forfeiture would be the same in Texas.   Webb on Usury, sec. 280.    (4)   Defendant must have pleaded that the mortgage was invalid by the laws of Texas before he could assert it.   See authorities under point 2. (5)   The forfeiture or penal feature of the statute only applies where the usurious interest is in fact paid.   It does not apply where such interest is charged or agreed upon but not paid.   R. S. 1899, sec. 3710.   (6)   If the defendant wished to rely upon the mortgage being void for the usury it was his duty to plead it, the mortgage being a Texas contract, in order that the plaintiff would be given an opportunity to prove the laws of Texas. Davis v. Bowling, 19 Mo. 651.    (7)   The presumption is that a contract made in one State to be partly performed in another was intended to be governed by the laws of the State under which it would be valid.   Pritchard v. Norton, 106 U. S. 137; 22 Ency. Law (2 Ed.), p. 1329. (8)   Appellant not being a privity with Hale as a subsequent purchaser or as a general or lien creditor, could not assert the defense of usury, even if he had pleaded it.   Ranson v. Hays, 39 Mo. 445; Hall v. Taylor, 125 Mo. 331; Vette v. Geist, 155 Mo. 27; Gribel v. Imboden, 158 Mo. 632.

ELLISON, J.—Plaintiffs charge defendant with having wrongfully converted to his own use in the State

of Texas 240 head of cattle which they claim were theirs by reason of a chattel mortgage securing a promissory note for $3,803, with ten per cent interest, both executed to them by one Hale. The answer was a general denial. The judgment in the trial court was for the plaintiffs. The plaintiffs are citizens of this State while Hale and defendant at the time of the execution of the note and mortgage were citizens of Texas; and those instruments were dated and executed in that State, in proper form, and the cattle were located there, but plaintiffs finding defendant in this State, brought this action against him for conversion they charge that he committed in the State of Texas and consummated in Oklahoma, whence he removed the cattle. One phase of the case is that Hale had been clothed with such indicia of ownership as to make his conveyance valid as to innocent parties.

Defendant claims to be the owner of the cattle. That they had been bought for him by Hale and one Hudson. That he knew nothing of Hale having given a mortgage on them until notified by plaintiffs. And in this condition of the case, defendant attacks the validity of the mortgage under which plaintiffs claim, on the ground of usury, the note which it secures bearing ten per cent on its face, when eight per cent is the maximum rate allowed in this State, though ten per cent is a lawful rate in Texas. Defendant also claims that while the note is not usurious on its face by the law of Texas, it nevertheless is usurious under the laws of that State, in that it has included as fictitious principal, about $300 which was in fact in interest charge of near seven per cent more than the highest rate in Texas. Defendant's claim, therefore, is, that the note is usurious under the law of both States and that the mortgage securing it is therefore void under the terms of our statute, section 3710, Revised Statutes 1899, reading as follows:

"In actions for the enforcement of liens upon per-

sonal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged, or in any other case when the validity of such claim is drawn in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon given to secure such indebtedness, invalid and illegal.''

Plaintiffs contend that defendant is not a proper party to take advantage of the fact that usury was included in the note. It is undoubtedly true that a mere stranger can not avail himself of the plea of usury. It is a personal privilege of the debtor. But such rule must be accepted with certain qualifications, such as that those in privity with the debtor may show usury in defense as he himself could. American Rubber Co. v. Wilson, 55 Mo. App. 656; Coleman v. Cole, 158 Mo. 253; Marx v. Hart, 166 Mo. 503, 524. In the cases just cited, it was held that an attaching creditor stood in such relation. But it is manifest that a stranger, as for instance a mere general creditor who has not connected himself with the property, does not stand in privity with the debtor so as to be enabled to set up usury. It is in no instance disputed that the plea of usury is personal to the debtor and that those others who set it up must obtain their right *through* the debtor; that is, they must stand in some legal privity with him. That privity is in representation, as, for instance, the debtor's executor or administrator; or, in blood, as his heir; or, in estate, as his grantee. A grantee of the entire title to property encumbered by a lien securing usury is in privity with the grantor and may enter the plea of usury as effectually as the grantor himself could, for the grantor has transferred to him that right. And so a judgment creditor, where a judgment is a lien on the property affected, and execution or attachment creditors, where the property has been seized, may interpose the plea. But the

right of all such creditors comes *through the original party*. It comes in this way: A purchaser under a judgment is an assignee of the debtor by operation of law and so stands in legal privity with him. Dix v. Van Wyck, 2 Hill 522, 525. A judgment creditor, or an attachment creditor, has taken the initiatory steps to an ultimate conveyance of the debtor's title; that is to say, to an assignment of the property by operation of law and thereby become possessed, by legal privity, of the debtor's right to interpose the defense of usury, just as his grantee would be. American Rubber Co. v. Wilson, 55 Mo. App. 556. But each of these rights comes *through* the original debtor charged with usury. And any right to question the validity of a usurious contract must be based on the original debtor's right. It is personal to him and he may waive it except in instances where it has passed to some one in privity with him. Missouri Syndicate v. Sims, 78 S. W. 1006; Vette v. Geist, 155 Mo. 27, 34; Chapuis v. Mathot, 91 Hun 565.

And, as to this rule, it makes no difference that the statute declares usurious contracts void. They are void if the debtor wishes to avoid them, but they may be recognized by him as valid. He may discharge such contract by payment in full. So he may require his grantee to do so. If such debtor's property worth $1,000 should be encumbered with a usurious mortgage for $500 and he should sell it for the former sum, by receiving the latter sum from the grantee in cash and requiring him to assume and pay off the encumbrances as the remaining part of the consideration, no one would say that such grantee could interpose the plea of usury against the mortgagee. To allow such plea, in such case, would be a gross fraud enabling the grantee to obtain the property at half its agreed value. Tonesdell v. Dowden, 47 N. J. Eq. 396; DeWolf v. Johnson, 10 Wheat. 393. And so it has been universally held that though the grantee as privy in estate receives by transfer the debtor's right to set up the usury, he can

never do so where he merely buys the equity of redemption, or, as just illustrated, assumes the usurious debt. Webb on Usury, sec. 374. Where one takes a conveyance reciting that it is subordinate to some other lien, he is not the purchaser of the entire title or property. Young v. Evans, 158 Mo. 395.

But it is said by counsel that the true owner of property which has been mortgaged by some one who was clothed with such apparent dominion as to have ordinarily passed the title, can interpose the plea of usury against the mortgagee and avoid the mortgage. That contention is based on the fact that our statute declares the mortgage void. Our statute, though new to us, is no more than has been in force in a number of the States (notably New York and Massachusetts), yet in none of these has the fact that the mortgage, or other contract, was declared to be void, had any effect on the question as to *who* could claim its protection. In all of them, it is held that the privilege to avoid is personal to the debtor and those claiming under or through him; and that he may waive the usury. That a usurious mortgage is not void, but only voidable, is manifest. Thus, it is not void as to the lender. Cases sometimes arise where the lender wishes to annul the contract, yet it has never been held that he could do it. La Farge v. Herter, 4 Barb. 346; s. c., 5 Seld. 241; Miller v. Kerr, 1 Bayley (South Car.) 4. Such statutes, whether they declare the contract partly invalid or wholly void, are made for the protection of the debtor, and only he, and those claiming through him, can attack the mortgage securing the usury. Billington v. Wagoner, 33 N. Y. 31; Bullard v. Raynor, 30 N. Y. 197, and the authorities heretofore cited.

In Green v. Kemp, 13 Mass. 515, the court said:

"Although by the statute of 1783, chapter 55, section 1, all mortgages on usurious considerations are declared to be utterly void; yet it never could have been intended that a stranger might enter on the mortgagee,

or commit a trespass on the land, and justify himself under the statute, when all parties interested in the title should be disposed to acquiesce in the contract. The statute must have a reasonable construction, and in conformity to its general object; which was, to protect debtors from the enforcement of unconscionable demands. A mortgage on a usurious consideration is, therefore, void only as against the mortgagor, and those who may lawfully hold the estate under him.''

In Williams v. Tilt, 36 N. Y. 319, the party attacking the mortgage claimed to be the true owner of the property and, as we have already said, the statute of that State, like ours, declared a usurious mortgage to be void, yet the court said:

''It has been long held and should now be deemed settled in this State, that a usurious agreement can not be assailed by a stranger, that is, one not a party to it, nor claiming under the party injuriously affected by it. The rule was stated by BRONSON, J., in Dix v. Van Wyck, 2 Hill 522, as follows: 'A mere stranger, or one who has no legal interest in the question, shall not officiously intermeddle in the matter, nor take advantage of a statute not made for his benefit.' A similar statement was made by the chancellor in Post v. Dart, 8 Paige 640. He said, 'a mere stranger can not insist upon the invalidity of a usurious security  .  .  .  but the defense of usury may be set up by anyone who claims under the mortgage, and in privity with him.' This is the extent to which the cases have carried the right, and even the right of privies may be cut off by the waiver of the original party. Sands v. Church, 2 Seld. 347. The contract is not absolutely *void* but only *voidable*, at the election of the borrower, or those who are privies in interest or in contract with him. Hence, no other party can make the objection. .  .  .  It is difficult to see how, under the rule above referred to, the plaintiffs in the case at bar can be heard to complain of usury in the contract between Birch & Co. and defendant Tilt.

They are not claiming the property in question under Birch & Co., but by paramount title. Not having succeeded to the title of Birch & Co., plaintiffs can not take their place with reference to the contract, and claim the benefit of a statute not made for them.''

It is therefore manifest, we think, that the fact of our statute declaring the usurious mortgage to be ''invalid and illegal'' has not enlarged the list of those who may plead usury.

But it is suggested to us by defendant that what we have said is in conflict with Keim v. Vette, 167 Mo. 389. In view of such suggestion, we have examined that case and find that it involved the claim of the true owner of the property which had been pledged by a party in possession under such circumstances as to give him apparent dominion over it. The pledge was to secure a loan to the pledgor in which there was usury, and the court held that the mortgage, by statute, being invalid and illegal, would be declared to be void.

In Vette v. Geist, 155 Mo. 27, 34, and Marx v. Hart, 166 Mo. 524, and Coleman v. Cole, 158 Mo. 253, the Supreme Court, in considering the same statute, entertained the view then uniformly held, that the privilege was personal to the debtor and could only be exercised by him and his privies. And the same view is reiterated by the Supreme Court in the late case of Missouri Syndicate v. Sims, 179 Mo. 679.

Still, there is no question but that Keim v. Vette has gone beyond those cases and has enlarged and added to the class who may make the plea. The plea was allowed to be made in that case by a party similarly connected with the property to the defendant here. That case applies to this one, and that being true, it is our duty to follow it. Since the Supreme Court, in Missouri Syndicate v. Sims, supra, did not refer to that case, we do not feel at liberty to say that it was overruled.

Plaintiffs next urge that defendant did not affirma-

tively set up the plea of usury and that he can not avail himself of such defense under a general denial. It is stated to be necessary to specially plead it in 1 Chitty on Pleadings, 511; Webb on Usury, secs. 397-415. And our statute (sec. 3709) reads that, "usury may be *pleaded* as a defense in civil actions." But accepting the logic of the ruling of the Supreme Court in Keim v. Vette, we must hold the position not well taken. The mortgage is the foundation of plaintiffs' title to the property charged to have been converted by defendant. It is therefore the foundation of the cause of action they claim to have. *It has been especially set out in the petition as the basis of their right.* The mortgage being void, we must hold that the cause of action as alleged never existed. In such case, a general denial is sufficient to admit evidence to show that fact. Greenway v. James, 34 Mo. 326; Northrup v. Ins. Co., 47 Mo. 435; Hudson v. Railway, 101 Mo. 13; Hardwick v. Cox, 50 Mo. App. 509; Johnson v. Simmons, 61 Mo. App. 395; Thomas v. Ramsey, 47 Mo. App. 84; Sprague v. Rooney, 104 Mo. 349; Adams v. Moody, 91 Mo. App. 41. Any fact, the effect of which is to show that an essential statement in the petition is untrue, may be proven under a general denial. Bolton v. Railway, 172 Mo. 92.

There is another view, which is, that this being an action for conversion, based on title conveyed to plaintiff by the chattel mortgage, the plaintiffs may be shown to have no title (on account of usury making the instrument void) under a general denial. Adamson v. Wiggins, 45 Minn. 448; Davis v. Culver, 58 Neb. 265; Williams v. Tilt, 36 N. Y. 319, 323.

And yet another view is, that where the usury appears upon the face of the guilty party's pleading, the opposite party need not specially plead it. Stockham v. Munson, 28 Ill. 51; Hamill v. Mason, 51 Ill. 488. In this case, it is claimed that the plaintiffs' petition discloses the usury. If that be true defendant may properly show usury under his general denial.

But plaintiffs urge that the contract being executed in Texas is governed by the law of that State where, as has been already stated, ten per cent is a legal rate of interest. Defendant, on the other hand, contends that the note, being payable in Missouri, is a Missouri contract and is governed by our law which only permits a charge of eight per cent. The rule is, that the law of the place of performance (that is, in this case, the place where the note was to be paid), governs the contract. Bank v. Cooper, 85 Mo. App. 383, and authorities therein cited. In a recent case, Trower Bros. v. Hamilton, 179 Mo. 205), the Supreme Court so stated the law.

But such rule of law gives way to the will of the contracting parties. If the parties stipulated either that the law of the place of performance, or the law of the place where made, shall govern, effect should be given to their will. Depau v. Humphreys, 10 Mart. (La.) 1; Miller v. Tiffany, 1 Wall. 298; Cromwell v. Sac Co., 96 U. S. 62; Bedford v. Eastern B. & L. Assn., 181 U. S. 227, 242; Coghlan v. Railway, 142 U. S. 101; Pecks v. Mayo, 14 Vt. 33; Townsend v. Riley, 46 N. H. 300; Rilgore v. Dempsey, 25 Ohio St. 413; Gault v. Trust Co., 100 Ky. 578, 585; Dugan v. Lewis, 79 Texas 246; Thornton v. Dean, 19 S. C. 583; Bolton v. Street, 3 Cold. 31. The same rule is approved by the best text-writers. 2 Parsons on Contracts, 583; Wharton's Conflict of Laws, sec. 507; 1 Randolph on Com'l Paper, sec. 43; 2 Kent 460; 1 Daniel on Negotiable Insts., sec. 922.

And in instances as in this case where there is no express stipulation by the parties as to which law should govern, it will be presumed that they intended that law which recognizes such contracts to be valid, and not the law which would render them invalid. Pritchard v. Norton, 106 U. S. 124, 136, 137; Scott v. Perlee, 39 Ohio St. 63; Hunt v. Jones, 12 R. I. 265; Mott v. Rowland, 85 Mich. 561; Bigelow v. Burnham, 83 Iowa 120; Fisher v. Otis, 2 Chand. 102; Wharton's Conflict of Laws, sec. 507.

But, as was stated at the outset, one of the defendant's claims is that the note is usurious under the laws of Texas as well as of Missouri in that a part of the principal is fictitious. If this claim should, on retrial, be found to be a fact, then we have a case where the contract for interest is usurious by the law of both States. There would, therefore, in such case, of course, be no room for the presumption which we have just mentioned. The rule to apply on such state of facts would be that the law of the place where the contract was made (in this case, Texas) would govern. Andrews v. Pond, 13 Pet. 65, 78; 1 Daniels, Neg. Inst., sec. 924.

But it has been suggested that in cases of a contract made in one place to be performed in another, where the contract itself does not specify which law is to govern, it can not be shown by oral evidence that the parties intended that the law of the place where made was to govern. This contention is based upon the idea that it would be contradicting or varying a written contract. The authorities do not seem to so regard it. Oral evidence is considered, not as contradicting the writing, but rather as showing by the situation and surrounding circumstances, what was meant or intended by the writing. Bishop on Contracts, sec. 1392; Webb on Usury, sec. 265, and cases cited.

A consideration of the contract being condemned by the law of both States, becomes highly important in most cases (and this may be one) from the different consequences which the laws of the two States attach to such transgression. In Missouri the consequence is that the mortgage is invalid; while in Texas, the consequence may be less drastic. The importance of this is pointed out by Judge BURGESS in Trower Bros. v. Hamilton, supra, where the laws of Missouri and Kansas were involved. If the contract is usurious by the laws of Texas and they do not declare the mortgage void, it may be

enforced here, with whatever consequences the laws of Texas place upon such mortgages. If the contract is found not to be usurious by the laws of Texas, it would be enforced here according to its terms, notwithstanding it provides for interest which would be usury in this State.

We observe that plaintiffs deny that any part of the note is fictitious, and claim that what is said to be fictitious principal, represents a proper and legal charge of commission for securing the loan to Hale. We can not anticipate what may be shown on this head, nor can we know what legal question it may involve.

It is apparent that the point of usury was not advanced in the trial court save as it may be considered to have been silently made by a demurrer to the evidence. It is furthermore probable that under the points discussed, there may be more in plaintiffs' case than was disclosed at the trial, hence we deem it proper to remand the cause.

Since the plaintiffs' case is, on its face, based on a contract which would be usurious in this State, it would perhaps be wise to set forth in an amended petition the laws of Texas which authorize the rate of interest agreed upon.

Reversed and remanded. All concur.