## STEPHEN MILHOLEN, Respondent, v. CHARLES R. MEYER, Appellant.

### Kansas City Court of Appeals, February 5, 1912.

TRESPASS: Pledges: Malice: Usury: Mortgage. A. owed B. an installment note which was secured by a chattel mortgage on a horse. On default of an installment, B. demanded and received from A. two payments, one for $3 and the other for $6, as a bonus to extend time of payment. Nevertheless on the same day of the last payment B. came and took the horse from plaintiff by the use of extreme violence. It was *held*, in an action for damages, that the bonus was usury which rendered the mortgage void under the statute, and that B. had no right to take the horse and that he must answer in damages, both actual and punitive.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*Strother & Campbell* and *J. H. Bremmerman* for appellant.

(1) After default and possession taken by mortgagee he is not bound to restore the property on a tender. Mortgagor is left to his remedy in equity. Hunt on Tender, sec. 375, p. 418. (2) When, after default, mortgagee asserts his rights by taking possession, a tender not kept good did not have the effect of discharging the lien and revesting the title in mortgagor. Smith v. Philips, 47 Wis. 202; Jackson v. Cunningham, 28 Mo. App. 354; Woolner v. Levy, 48 Mo. App. 474; Breman v. Hoke, 61 Mo. App. 376; Landis v. Saxton, 89 Mo. 382; Robins, v. Railroad, 132 Mo. App. 308; Knollenberg v. Nixon, 171 Mo. 453; Hudson v. Glencoe, 140 Mo. 103. (3) Default renders mortgagee's title absolute and after condition broken the mortgagee is the legal owner and extension of time does not prevent this. Jones on Chattel Mortgages, secs. 632, 633, 634, 699; Jackson v. Cunningham, 24 Mo. App. 358; Bowen v. Benson, 57 Mo. 26; Connersville v. Lowery, 104 Mo. App. 190; Holmes v. Com. Co., 81 Mo. App. 102. (4) The "safety clauses" in a chattel mortgage are valid. It is not essential that there should be real danger. The mortgagee is allowed to act as a reasonable man would act under all the circumstances. Jones on Chattel Mortgages (5 Ed.), secs. 331 and 431. The court should have sustained defendant's demurrer to all the evidence. Bowen v. Benson, supra; Jones v. Martini, 77 Mo. App. 480. (5) One instruction or a series intended to cover the whole case asked by the plaintiff should submit to the jury the points raised by defendant's evidence. Hughes on Instructions, sec. 92; Austin v. St. Louis, 115 Mo. 146; Kohr v. Metropolitan, 117 Mo. 302; Glascow v. Metropolitan, 191 Mo. 347; Allen v. St. Louis, 183 Mo. 435. (6) The instructions should not refer the jury to the petition. Janjiris v. Hartman, 196 Mo. 539; Webb v. Carter, 121

Mo. App. 147; Fisher v. St. Louis, 198 Mo. 562.. (7) Where reference is made to other instructions defining the issues and there are no other instructions defining the issues the judgment should be reversed. Kohr v. Metropolitan, supra. (8) An agistment under the statute is simply a bailment. Cotton v. Arnold, 118 Mo. App. 596. (9) Mortgagee not liable for unauthorized violence of his men who took property under the mortgage. Jones v. Furnishing Co., 77 Mo. App. 474.

*Noyes & Heath* for respondent.

(1) Usury taken under any guise voids the chattel mortgage. R. S. 1909, secs. 7182, 7184; Lyon v. Smith, 111 Mo. App. 274. (2) Taking of property under chattel mortgage must be done without a breach of the peace. Bordeaux v. Hartman Co., 115 Mo. App. 556. (3) Extension of chattel mortgage for a valuable consideration is valid and the mortgagee can not take the property until the mortgage is again in default. Baldridge v. Dawson, 39 Mo. App. 527; Maryott v. Renton, 21 N. J. Eq. 381; Trayser v. Trustee, 39 Ind. 567; Dodge v. Crandall, 30 N. Y. Rep. 294; Insurance Co. v. Bonnell, 35 Oh. St. 367; Maher v. Lanfrom, 86 Ill. 517; Veerhoff v. Miller, 30 N. Y. App. 355; Kearby v. Hopkins, 14 Texas Civ. App. 185. (4) Any error in the trial court on second count is cured by verdict. Logan v. Field, 192 Mo. 54; Schaefer v. Railway, 128 Mo. 64; Drug Co. v. Self, 77 Mo. App. 284; Townsend v. Gates, 25 Mo. App. 336; State v. Darling, 199 Mo. 168; Brandon v. Carter, 119 Mo. 572.

ELLISON, J.—Plaintiff's action is for damages for trespass in forcibly taking from him his stallion valued at $500. Punitive damages were likewise asked. There were two counts in the petition. He recovered in the trial court on the first; the verdict was for defendant on the second.

It appears that plaintiff was indebted to one De-
motte in the sum of seventy-five dollars for the pur-
chase price of two cows, and that he executed his note
for that sum, dated May 17, 1900, payable in six
monthly installments of $12.50 each, beginning July 1st
and ending December 1st, with eight per cent interest
from date; and that to secure the note, plaintiff ex-
ecuted to Demotte a chattel mortgage on the cows and
on the stallion in controversy—he, plaintiff, retaining
the possession. A few days after the execution of
the note and mortgage Demotte assigned them to de-
fendant, a dealer in chattel mortgages. According to
receipts given to plaintiff, he paid to defendant $10
on the note July 5th, $17 August 6th, $17 August 7th,
$25 November 8th, and $25 November 13th,—making
a total payment or which receipts were given, of $94.
Besides this, he paid $3 at one time and $6 at another,
demanded of him for what was termed extensions. Of
these receipted payments there was some dispute as to
whether the second receipt for $17 was anything more
than a duplicate for the first payment of that sum. But
taken either way, it does not affect our conclusion in
the case.

On the 8th or 9th of October, the installment due
on the first of that month not being paid, defendant
sent his agent out to take the horse. This agent, ac-
cording to evidence in plaintiff's behalf, represented
himself as a deputy marshal or sheriff, with authority
to take the horse. He told plaintiff that defendant
would have to have six dollars more for extending time
of payment. Plaintiff said he would pay it and the
agent left. The next afternoon plaintiff went to de-
fendant's place of business and paid the six dollars;
but before night the agent returned, flourished a re-
volver and forcibly took the horse. Plaintiff de-
manded to see his papers, whereupon he "held up his
gun," and said, "there is the kind of papers I use."

It seems the horse was put in a livery stable and it was said plaintiff was unable to find what became of him.

Afterwards plaintiff made two more payments on the notes, of $25 each, making a total payment of $77, if there was but one payment of $17, or a total of $94 if there were two payments of that amount. But conceding there was but one payment of that amount, yet the aggregate was substantially as much as plaintiff owed defendant, without counting the two extra payments of $3 and $6. However, there was much said concerning what was due the livery man for the care of the horse after defendant took him, and of expense in taking him, and of the lack of proper tender of these amounts.

In the view we take of the case, there is no necessity for going into much of the discussion found in the briefs. In finding for plaintiff, the jury must have found that the $3 and $6 payments were made as the evidence for plaintiff tended to show. Now, while those payments were ostensibly a bonus for giving plaintiff further time, they were, of course, usury. Defendant had no right to exact of plaintiff anything more than lawful interest, and the note itself called for the highest limit. This usury, while not destroying the principal debt, did make void the chattel mortgage, and thereby destroyed the only basis for defendant's claim to the horse (Holmes v. Schmeltz, decided this term). The statute of this state (Sec. 7184, R. S. 1909) concerning the liens of pledges or chattel mortgages, reads, that "proof upon the trial that the party holding or claiming any such lien has received or exacted usurious interest for such indebtedness", shall render the mortgage or pledge void. It follows, all other considerations aside, defendant had no basis upon which to found his claim of the horse, and that his taking him in the ruthless manner stated was a gross violation plaintiff's rights.

There was no error in instructions on the measure of damages.

We have not discussed questions arising at the trial as to the second count, as the finding thereon was for defendant. The judgment is affirmed. All concur.

## ON MOTION FOR REHEARING.

It is seen that defendant is impressed with the idea that since usury was not pleaded, it cannot be urged by plaintiff. It is usually true that usury must be pleaded. But in cases where the instrument of security is made *void* by reason of usury, it is not necessary that usury be pleaded, and so we decided in Davis v. Tandy, 107 Mo. App. 437, 447. The motion is overruled.