Norman D. Zancker, Appellant, v. Northern Insurance Company of New York, a Corporation, Respondent.—176 S. W. (2d) 523.

Kansas City Court of Appeals.   November 8, 1943.

111

*J. V. Gaddy* for appellant.

*Price Shoemaker* and *Randolph & Randolph* for respondent.

BOYER, C.—This is an appeal from a final judgment for defendant rendered by the trial court after giving an instruction offered by defendant in the nature of a demurrer to plaintiff's evidence, and

after plaintiff had taken an involuntary nonsuit with leave to move to set the same aside.

The petition bases the action upon an insurance policy issued by defendant to plaintiff insuring against loss or damage to plaintiff's automobile occasioned by fire, and sought the recovery of damages to the automobile when it was burned.

The answer admits the issuance of the policy to plaintiff by which the company insured the car as alleged, but denies liability or any indebtedness to plaintiff because the loss was not covered, but was excluded from coverage, by the terms of the policy and in particular by the exclusion provision reading as follows:

"This policy does not apply: (b) Under any of the coverages while the automobile is subject to any bailment lease, conditional sale, mortgage, or other encumbrance not specifically declared and described in this policy."

The answer further alleged that after the issuance, delivery and acceptance of the policy and while the same was in force plaintiff, without any agreement on the part of defendant endorsed or added to said policy, made, executed and delivered his certain chattel mortgage dated December 8, 1941, by the terms and conditions of which he conveyed the property described in the policy to the Sun Money Company of St. Joseph, Missouri, to secure the payment of a debt to said corporation in the sum of $57.50, and that said mortgage was in full force and effect on the date of the fire mentioned in plaintiff's petition.

The reply was a general denial of the allegations in defendant's answer.

The policy and other documentary evidence, including the mortgage and note of plaintiff to the Sun Money Company, a letter in behalf of the company denying liability on account of said mortgage, and other letters and documents which have no bearing in reference to the points raised on appeal were all received in evidence at the request of plaintiff.

From the foregoing it appears that the policy was issued November 28, 1941. A debt to the General Credit Corporation was mentioned in the policy and the evidence shows that said debt was secured by a mortgage then existing upon the car. There is no claim by defendant that said mortgage was not declared in the policy. The exclusion provision pleaded in the answer is contained in the policy as alleged, together with other exclusion provisions. On December 8, 1941, plaintiff signed a note by the terms of which he agreed to pay the Sun Money Company the sum of $57.50, due January 8, 1942, and at the same time executed and acknowledged a mortgage pledging said automobile as security for the payment of the amount of the note, which sum was acknowledged to be justly due the mortgagee. It appears that the note and mortgage were both contained in the same instru-

ment. The car was burned January 24, 1942, and was practically a total loss. Upon learning of the second mortgage defendant declined liability on account thereof, February 18, 1942.

Plaintiff testified to his ownership of the automobile, its value, its loss by fire, and over the objection and exception of defendant was permitted to testify in reference to "the circumstances" attending the execution of his note and mortgage to the Sun Money Company. In response to the objection to such evidence that it was immaterial and that plaintiff could not impeach the mortgage in this proceeding, the court stated: "We will admit the testimony because it will be a matter of law anyway. We will admit it subject to the objection and go into that a little later." Plaintiff then gave testimony as follows:

"Q. How much money did you borrow of them? A. Fifty dollars.

"Q. How much of a note did they require you to sign? A. Fifty-seven dollars and fifty cents, payable thirty days later.

"Q. How much money did they let you have—actually pay you? A. Fifty dollars.

"Q. Did they require you to sign a mortgage there? A. No, I understood they made second mortgages on automobiles. I understood that but they required nothing from me in regard to that.

"Q. But did you sign that mortgage? A. Yes.

"Q. That is your signature? A. Yes.

"Q. Do you know whether that was filled in at the time? A. No, I do not, sir.

"Q. Did you make any payment on this mortgage? A. No, sir.

"Q. Did you renew it? A. Yes, sir.

"Q. When? A. The latter part of December.

"Q. How much did you renew it for? A. I renewed it for the full amount.

"Q. How much did you pay them? A. Seven dollars and fifty cents.

"Q. Seven dollars and fifty cents per month? A. Yes, sir.

"Q. That is what you were paying them, and that is what they required you to pay as interest? A. Yes, sir.

"Q. What was the $7.50? A. Evidently it was interest."

On cross-examination:

"Q. How much is still due and owing on this mortgage? A. Fifty dollars.

"Q. Did you sign anything besides this note and mortgage when you borrowed that money? A. Not that I remember of.

"Q. Are you sure? A. I might have signed a card, but not that I remember of.

"Q. Do you know how they arrived at the computation of $57.50?
A. No, sir, I was not interested.

"Q. You don't know how they arrived at that? A. No.

"Q. You don't know how much is hazard charge and how much is interest? A. No, sir.

"Q. Do you know how much of that is an investigating fee? A. No, sir."

At the conclusion of plaintiff's testimony the court gave defendant's tendered Instruction A, reading as follows:

"The court instructs the jury that under the pleadings, the law and the evidence your verdict must be for the defendant."

Plaintiff objected and excepted and then took an involuntary nonsuit with leave, which was granted. Thereafter the court entered judgment for defendant. In due time, plaintiff filed his motion to set aside the involuntary nonsuit and to grant him a new trial on the alleged grounds that the court erred in giving defendant's Instruction A, for the reason that there were facts in evidence justifying submission of the case. The motion was overruled and upon proper steps an appeal was allowed to this court.

The appeal was first heard and determined here during the March term, with the result that the judgment was affirmed. A rehearing was granted and the case is now presented upon the same abstract and briefs heretofore furnished with the citation of additional authorities.

Appellant's first contention is that there was error in giving defendant's Instruction A because in so doing the court held in effect that the exclusion provision in the policy was broad enough to include any encumbrance placed on the insured property after the issuance of the policy; that the provision of the policy applied only to mortgages existing at the time of the issuance of the policy, but not declared; and that the policy is a contract prepared by the company and cannot be broadened beyond its specific terms by judicial construction.

Such contention is not well founded. The policy provides that there should be no coverage while the automobile is subject to any mortgage not specifically declared and described in the policy. The provision is not ambiguous and is not subject to any construction other than its plain meaning. The word "while," as used in the policy, is an adverbial modifier expressing duration. It means "as long as," and is not limited to the date of the issuance of the policy but refers as well to time thereafter.

In the case of Bridgewater v. General Exchange Ins. Corporation, 131 S. W. (2d) 220, 234 Mo. App. 335, an exclusion provision in an automobile fire insurance policy was under consideration. It provided that "unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage or other incumbrance specifically set forth and described in the Schedule of Warranties on Page 1 of this policy, this company shall not be liable for loss or damage to

any property insured hereunder while subject to any lien, mortgage or other incumbrance.''. The effect of the holding in that case, in reference to the defense of a violation of said provision, was that under such a provision the placing of a mortgage on the automobile *subsequent* to the issuance of the policy without the knowledge or consent of the defendant would relieve the insurer of liability for any loss or damage which might occur during the existence öf suċh mortgage, and that the policy was suspended during such time.

Appellant argues that the exclusion provision in the Bridgewater case is wholly unlike the provision in plaintiff's policy, and that the ruling in said case is not applicable to this case. Appellant is in error. While the wording of the exclusion provisions in the two policies is not alike the meaning and effect are the same, and the ruling made in the case cited is applicable here.

It is next contended by appellant that even though the provision of the oicy includes a subsequent encumbrance the evidence shows. that the Sun Money Company mortgage was void because usurious, and insists that plaintiff ''made a submissible case to the jury on the question of whether or not there was a valid lien on the insured property not declared in the policy.''

In answer to the foregoing point respondent urges that the issue of usury was not available to appellant because not specifically pleaded, the reply being a general denial.

Upon consideration of the question of pleading thus raised the conclusion has been reached that, in a case of this character, the reply to the particular defense of an existing mortgage raised by the answer must be sufficiently definite and specific in its allegation of facts to appraise defendant that plaintiff proposes to prove that the mortgage was infected with usury, and therefore void, in order to inject the issue of usury into the case. The reply in this case is sought to be used as a defensive pleading and its sole office in that respect is to interpose a defense to new matter pleaded in the answer. [Neal v. Building Company, 228 Mo. App. 536, 70 S. W. (2d) 136.] There was no special defense interposed but merely a general denial of the allegations of the answer which contained a plea of provisions of the policy and a plea of the existence of a mortgage which under said provisions relieved the defendant from liability. The rules by which the sufficiency of pleadings is to be determined are prescribed by the Code, and the object of pleading is to form specific and definite issues of fact. Under the reply in this case the defendant was left entirely in the dark as to what defense plaintiff might urge in oppo-. sition to the new matter pleaded in the answer. Section 928, Revised Statutes Missouri, 1939, provides specific requirements for an answer; and Section 931, in similar manner, provides how plaintiff may reply and allege new matter as a defense to the new matter in the answer. ''So that both these pleadings must be governed in their

framing by cognate rules.'' [Young v. Schofield, 132 Mo. 650, 661, 34 S. W. 497.] If defendant had answered in this case merely by a general denial of the petition, it certainly could not have defended upon the ground that there was an existing mortgage which under the terms of the policy relieved defendant from liability. New matter being set forth in the answer, a defensive reply thereto should be as specific as that required of the answer to plaintiff's petition. Plaintiff should have alleged sufficient facts to show usury in order to avail himself of that defense.

The infirmity of usury does not appear upon the face of the mortgage or note in this case and usury will not be presumed. The position of plaintiff in this case is controlled by the general rule that one asserting usury in order to void his contract must specifically plead and prove it. [27 R. C. L., p. 266, sec. 70; 66 C. J., p. 296, sec. 287, et seq.; Sec. 3230, R. S. Mo. 1939; Fischman v. Schultz, 55 S. W. (2d) 313, 318; St. Paul Fire & Marine Ins. Co. v. American Trust Co. (Mo.), 222 S. W. 137, 142; Bond v. Worley, 26 Mo. 253; C. I. T. Corp. v. Byrnes, 38 S. W. (2d) 750, 752; Bahl v. Miles, 6 S. W. (2d) 661, 663; General Motors Acceptance Corp. v. Weinrich, 218 Mo. App. 68, 83; Missouri Discount Corp. v. Mitchell, 216 Mo. App. 100.]

Rulings in cases cited by appellant to sustain his position that he was not required to plead usury in this case are far afield, because the nature of the actions in those cases in which the plea of usury was not required distinguishes them from the nature of the action in this case. In the case of Smith v. Mohr, 64 Mo. App. 39, replevin was sought on the basis of a mortgage which was shown to be void for usury. There was no question of pleading in the case. In the case of Smith v. Becker, 192 Mo. App. 597, the plea of usury was made in the petition. In Holmes v. Schmeltz, 161 Mo. App. 470, the action was based on conversion and plaintiff recovered damages on account of usurious interest on debts secured by a pledge. The pleadings are not shown and there was no question of pleading determined. In Milholen v. Meyer, 161 Mo. App. 491, the action was for damages for the wrongful taking of plaintiff's horse by the defendant under a mortgage shown to be void for usury. The mortgage was the basis upon which defendant claimed the horse. Usury was not pleaded. Judgment for plaintiff was affirmed. What the court said upon consideration of the motion for rehearing in reference to the necessity to plead usury is confined to cases of like character to the one then under consideration; that is, that when there is an action pending between the mortgagor and the mortgagee, or the mortgagee's assignee, and the mortgage is the basis of defendant's claim to the right of possession of the property, plaintiff need not plead usury in the mortgage. This ruling was based upon what was said in Davis v. Tandy, 107 Mo. App. 437, 447, as follows:

"The mortgage is the foundation of plaintiffs' title to the property charged to have been converted by defendant. It is therefore the foundation of the cause of action they claim to have. It has been especially set out in the petition as the basis of their right. The mortgage being void, we must hold that the cause of action as alleged never existed. In such case, a general denial is sufficient to admit evidence to show that fact."

Section 3231, Revised Statutes Missouri 1939, properly construed, does not afford support to appellant's position that usury was not required to be pleaded in this case. The clause, "or in any other case when the validity of such lien is drawn in question," does not relieve a party to the action of the necessity to put in issue the validity of the lien by proper pleading. The rule to be deduced from the foregoing cases and the statute may be stated as follows: In any action between a mortgagor and mortgagee, or between parties standing in legal privity with said parties, where the mortgage is the basis of the claim of either such party, usury may be shown without a special plea to invalidate the mortgage. Such rule is applied to particular classes of cases like possessory actions or actions for damages for wrongful conversion by a mortgagee.

The pending case is not of the character above described. This is an action on an insurance policy. The defendant was not a party to the mortgage in question, nor in legal privity with the mortgagee and had no claim to the property mortgaged, and was not asserting any such claim by virtue of the mortgage.

Appellant further stresses the ruling of this court in the case of Saffran v. Rhode Island Ins. Co., 141 S. W. (2d) 298, to the effect that a void mortgage made subsequent to the issuance of an insurance policy on plaintiff's car was no defense to the policy which excluded liability for loss occurring while the automobile was subject to a mortgage. The uncontradicted evidence showed that the alleged mortgage was not a lien on the automobile because there was no delivery of the instrument and no debt existed which could have been enforced against the automobile. It does not appear what issues were raised by the pleadings and there was no question or issue concerning the propriety of pleadings raised on appeal.

Due to the state of the pleadings in the pending case the question of the invalidity of the mortgage because of usury was not properly brought in issue, and plaintiff had no right to a determination of that question in avoidance of the exclusion provision of the insurance policy. The ruling of the learned trial judge was correct and the judgment should be affirmed. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.