17037

RAY McALLISTER, Respondent, v. MOTOR INSURANCE COMPANY, APPELLANT

(88 S. E. (2d) 621)

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Appellant,*

*Messrs. McDonald & McGowan,* of Florence, *for Respondent,*

July 21, 1955.

TAYLOR, Justice.

Action in this case was brought in the County Court for Florence County upon a policy of insurance issued by Appellant covering among other things loss by fire of a certain auto owned by Respondent and construction of the following provision contained in the said policy is the crux of this appeal:

"This policy does not apply * * * (b) under any of the coverages, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy."

The policy, dated June 6th, 1952, contained the following acknowledgment as to a mortgage then in existence:

"Except with respect to bailment lease, conditional sale, mortgage or other encumbrance, the insured is the sole owner of the automobile, except as herein stated, acknowledgment is hereby made of the notice of the existence of a lien on the herein described automobile, in favor of General Motors Acceptance Corporation or its assignees."

Plaintiff thereafter gave three mortgages on the car in question: (1) To the Charlie Womack Company to cover the purchase price of a refrigerator and covered the refrigerator also; (2) To the Universal C. I. T.; and (3) United Finance Co. The policy was in force at the time the car was damaged by fire March 12, 1953, and all the mortgages referred to above were outstanding; but the payments thereon had been met and none were in default.

Upon trial, Judge Sharkey held that the exclusion clause heretofore set forth had no relation to mortgages not on the car at the time of the issuance of the policy and directed a verdict against the Appellant as to this defense.

After the fire, the defendant paid $61.93 pursuant to the terms of the policy on the mortgage that was listed in the policy. The mortgagee clause of the policy protected

that mortgage from violation by the insured. Judge Sharkey refused to allow that payment as an offset upon the amount of the loss. Motions for nonsuit and directed verdict were timely made by defendant. The case was submitted to the jury who returned a verdict for $444.00 and motions for judgment *non obstante veredicto* or for a new trial in the alternative were timely made and heard, after which Judge Sharkey issued his Order of May 25, 1954, denying the motion for judgment *non obstante veredicto,* but granting a new trial unless the plaintiff remit the sum of $61.93 on the verdict, thereby allowing defendant credit for its payment on the mortgage that was described in the policy. Plaintiff has remitted the $61.93 on the verdict and this appeal is from the Order of Judge Sharkey refusing defendant judgment *non obstante veredicto* or a new trial in the alternative, and the refusal of defendant's motions for nonsuit and directed verdict.

Appellant's position is that the placing of additional mortgages on the car voided the policy under the provisions of the exclusion clause heretofore referred to and cites several authorities to substantiate its position, notably *Bridgewater v. General Exchange Ins. Corp.,* 234 Mo. App. 335, 131 S. W. (2d) 220, and *Zancker v. Northern Ins. Co.,* 238 Mo. App. 110, 176 S. W. (2d) 523, both Missouri cases.

Respondent's position is that the provision in the policy against encumbrances is not couched in sufficiently plain language as to constitute notice to the policyholder that subsequent mortgages are violative of the provisions of the policy and therefore such did not void the policy.

In *Haselden v. Standard Mutual Life Ass'n,* 190 S. C. 1, 1 S. E. (2d) 924, 926, this Court stated the basic principle in construction of insurance policies to be as follows:

"It is a cardinal principle of insurance law in this State, requiring no citation of authority, that a policy or contract of insurance is to be considered liberally in favor of the insured, and strictly as against the company. Stated more fully, the rule is, that where by reason of ambiguity in the

language employed in a contract of insurance, there is doubt or uncertainty as to its meaning, and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the company, the former will be adopted."

See also *Beckett v. Jefferson Standard Life Ins. Co.,* 165 S. C. 481, 164 S. E. 130; *Walker v. Commercial Casualty Ins. Co.,* 191 S. C. 187, 4 S. E. (2d) 248; *Smith v. Sovereign Camp, W. O. W.,* 204 S. C. 193, 28 S. E. (2d) 808.

The precise wording used in the policy in question has not heretofore been construed by this Court, but the reasoning of the Oregon Court construing a similar provision in an insurance policy, *Medford v. Pacific Nat. Fire Ins. Co.,* 189 Or. 617, 219 P. (2d) 142, 154, 222 P. (2d) 407, 16 A. L .R. (2d) 1181, used the following language which appeals to reason and logic and is in line with the decisions of the Courts of California, Iowa, and Pa., and 4 Couch, Insurance, Sec. 901, p. 3123:

"* * * The policy provides that it does not apply under coverages 'D', 'E', 'F', 'G', and 'H' for damage by collision, fire, theft, etc., 'while the automobile is subject to any * * * mortgage * * * not specifically declared and described in this policy'. The policy recites that there is an encumbrance of $1,038.00 and that loss is payable to the insured and the First National Bank, Baker, Oregon. There was no other encumbrance at the time of the execution of the policy. The plaintiff paid off the mortgage to the bank on September 9, 1946 but a few days later borrowed $200-.00 to $250.00 from a third party. In view of the phraseology of the policy we hold that there was no warranty or agreement against encumbrances created after the execution of the policy. Such encumbrances obviously could not be described in 'this policy'. The words used are open to such construction, and applying the authorities earlier quoted, we hold that the policy should be construed favorably to the insured if there be any ambiguity. If the company intended to cover future mortgages it could have said so."

In the instant case the policy was in existence several weeks before Respondent received it through the mails; no provision was made for Respondent reporting any subsequent mortgages. The exclusion clause refers to such encumbrances "not specifically declared and described in the policy" which indicates that only those encumbrances existing at the time of the issuance of the policy were contemplated as clearly such encumbrances as came into being thereafter could not be *declared in the policy,* and no provision was made for refund of unearned premium. Had Appellant intended the policy be construed as contended, it could have left no doubt thereabout by simply making the exclusion clause applicable to any mortgage in existence or thereafter placed upon the car.

This question is therefore resolved against the contention of Appellant.

Upon argument for judgment *non obstante veredicto* or for a new trial in the alternative, the trial Judge concluded that the provision of the policy under discussion was ambiguous but this is of no comfort to Appellant under the decision of this Court in *Hardee v. Penn. Mut. Life Ins. Co. of Philadelphia,* 215 S. C. 1, 53 S. E. (2d) 861, 863, wherein this Court stated:

"The trial Judge held that the contract was plain and unambiguous, and that the appellant-Insurance Company breached its contract in refusing to convert the Term insurance to Life insurance with premium waiver clause unless furnished by the respondent-Hardee with evidence of insurability. While we concur in the result of such holding, after an analysis of the contract of insurance, which is a long and complex document, yet it is our opinion that the contract is ambiguous. But as stated by the trial Judge, the result is the same as to actual damages, whether he based his construction of the contract on the ground that it was plain and unambiguous, or that it was ambiguous; and it was of course the duty of the trial Judge to construe the contract."

For the foregoing reasons, we are of the opinion that all exceptions should be dismissed; and it is so ordered.

Judgment affirmed.

BAKER, C. J., and STUKES, OXNER and LEGGE, JJ., concur.